Morris Benedict ARON, Plaintiff,

v.

MICHIGAN HEALTH CARE CORPORA-TION, Lakeside Community Hospital, Inc., Medical Staff of Lakeside Community Hospital, Inc., and Claude P. Herman, M.D., Defendants.

No. CV–R–84–240–JMB.

United States District Court,
D. Nevada.

Dec. 19, 1984.

484

Frederic R. Starich, Reno, Nev., for plaintiff.

Clinton E. Wooster, Reno, Nev., for Michigan Health Care Corp. and Lakeside Community Hosp.

Jack I. McAuliffe, Reno, Nev., for Claude Herman, M.D.

## OPINION AND ORDER

JAMES M. BURNS, District Judge, Sitting by Designation.

Plaintiff, Morris B. Aron, M.D., filed this action against defendants Michigan Health Care Organization (Michigan), Lakeside Community Hospital (Lakeside), its medical staff, and Dr. Claude P. Herman, M.D., for alleged violations of the Sherman Antitrust Act. 15 U.S.C. §§ 1, 2. Plaintiff's initial application for a temporary restraining order was denied, 593 F.Supp. 607. The hearing on the motion for a preliminary injunction was consolidated with the trial pursuant to Fed.R.Civ.Pro. 65(a)(2).

■ After considering the testimony and other evidence presented, I find that the plaintiff presents facts which are insufficient to meet the jurisdictional requirements of the Sherman Act. Therefore, I DISMISS this action, (and pendant state claims) for lack of subject matter jurisdiction.[1]

Dr. Morris, an orthopedic surgeon, is attempting to establish a practice in the Incline Village, Nevada, ski area. The bylaws of Lakeside call for the serving of a one year provisional period before new physicians are allowed to receive emergency room referrals. In order to receive referrals during that period, the new physician must be associated with a current member of Lakeside's medical staff in that particular specialty. Dr. Herman and plaintiff had such a relationship, but it ended before plaintiff's provisional period expired. Pursuant to the bylaws, Dr. Morris' emergency

---

1. Defendants moved for summary judgment pursuant to Fed.R.Civ.Pro. 56, or in the alternative, to dismiss for lack of subject matter jurisdiction. A court usually decides the jurisdictional issue first. However, if the attack on jurisdiction requires the court to consider the merits of the case, the court has jurisdiction to proceed. *Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733–734 (9th Cir.1979). (Upholding dismissal of a complaint with prejudice where the interstate commerce requirement of the Sherman Act was both an element of the substantive offense and a requirement of jurisdiction).

room privileges were terminated. He then filed this action claiming illegal restraint of trade and monopoly or attempt to monopolize.

■ Despite the broad reach of the Sherman Act, jurisdiction may not be invoked under it unless a relevant aspect of interstate commerce is identified. *McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 242, 100 S.Ct. 502, 509, 62 L.Ed.2d 441 (1980). When invoking jurisdiction under the Sherman Act, it is not sufficient to merely rely on identification of a relevant local activity and presume an interrelationship with some unspecified aspect of interstate commerce. *McLain* at 242, 100 S.Ct. at 509. The requirement is met by demonstrating that the defendant's activity is itself in interstate commerce, or if it is local in nature, that it has a substantial effect on interstate commerce. *Id. See also, Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 737 (9th Cir.1979).

Plaintiff contends that Sherman Act jurisdiction exists in this case because of the nature of the activity and the location of the hospital. He points out that courts have often found valid antitrust claims in cases involving professional activity. *E.g., Hahn v. Oregon Physicians Service*, 689 F.2d 840 (9th Cir.1982). While it is true that the jurisdictional showing has been relaxed by the *McLain* case, it is still necessary for a plaintiff to prove either that the business activities occurred in commerce or have a substantial impact on it. *Feldman v. Jackson Memorial Hospital*, 571 F.Supp. 1000, 1006 (S.D.Fla.1983).

The materials submitted by plaintiff do not present any facts which connect the defendants' emergency room referral policy to interstate commerce or show that it has any substantial impact on it. The testi-

mony only makes it clear that Lakeside is the only hospital in the county with such a policy, and that such referrals are a method used by doctors to establish a practice in a new area. This does not push this case into the realm of interstate commerce. Nor does the fact that Incline Village is near the Lake Tahoe region which borders on two states. Plaintiff cannot establish Sherman Act jurisdiction by analogy or presumption. *McLain* at 242.

■ Practicalities play a role in determining the existence of Sherman Act jurisdiction, the results to turn on the particular facts of each case. *U.S. v. Foley*, 598 F.2d 1323 (4th Cir.1979). Here, plaintiff has failed to establish that the defendants' activities have a substantial impact on interstate commerce. Without them, this court has no jurisdiction.[2] The Clerk will enter judgment of dismissal. Costs will not be allowed to either side.

It is so ordered.

---

**2.** It should be noted that Dr. Morris' provisional period at the hospital is due to expire soon. He is also currently allowed emergency room privileges if his services are requested. The doctor may be denied one of the customary ways of establishing a practice, but he has not been cut off entirely.