**Mark PARRISH, doing business as Silver State Motor Escort, Plaintiff,**

v.

**CITY OF RENO, NEVADA, a Municipal corporation; Walton, Inc., a Nevada corporation, doing business as Walton's Sierra Chapel, as Walton's Sparks Funeral Home, and as O'Brien–Rogers & Crosby Funeral Home; Ross–Burke–Knobel, Inc., a Nevada corporation, doing business as Ross, Burke & Knobel Mortuary and as Ross–Burke & Knobel Sparks Mortuary, formerly known as Alexander's Pyramid Mortuary; Kay V. Riggs; and Nevada Protective Services, Inc., a Nevada corporation, Defendants.**

No. CV–N–87–163–ECR.

United States District Court,
D. Nevada.

Dec. 8, 1987.

Christopher L. Chamness, Claremont, Cal., and Joseph Dita, III, Reno, Nev., for plaintiff.

Laura B. Ahearn, Reno, Nev., for defendants Ross, Burke & Knobel Mortuary.

Robert McQuaid, Shamberger, Georgeson, McQuaid, Thompson & Angaran, Chartered, Reno, Nev., for defendants City of Reno.

Stephen C. Moss, Hardesty, Moss & Michaels, Reno, Nev., for defendants Kaye V. Riggs & Nevada Protective Service, Inc.

George Swainston, Erickson, Thorpe, Swainston, Cobb & Lundemo, Ltd., Reno, Nev., for defendants Walton, Inc., dba Walton's Sierra Chapel, Walton's Sparks Chapel, and O'Brien–Rogers & Crosby Funeral Home.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This case is before the Court on four motions to dismiss.

The first is the Motion to Dismiss (docket # 6) of defendant City of Reno ("City"), filed April 29, 1987. This motion was opposed by the plaintiff on May 15, 1987 (docket # 9). On May 28, 1987, the City replied (docket # 11). Then, on June 23, 1987, the plaintiff filed a Response to Motions to Dismiss (docket # 14), which purported to oppose the City's motion. The City joined in a Motion to Strike the June 23 response (docket # 16, filed June 29, 1987); the plaintiff consented to the City's Motion to Strike (docket # 17); and, therefore, to the extent the plaintiff's June 23 Response to Motions to Dismiss opposes the City's Motion to Dismiss, the Response to Motions to Dismiss shall be stricken.

The second motion to dismiss before the Court is the Motion to Dismiss (docket # 8) of defendant Ross, Burke & Knobel Mortuary ("RBK"), filed May 6, 1987. That motion was opposed by the plaintiff on May 15, 1987 (docket # 9). On June 1, 1987, RBK replied (docket # 12). Then, on June 23, 1987, plaintiff filed his Response to Motions to Dismiss (docket # 14), which purported to oppose RBK's Motion to Dismiss. RBK moved to strike the plaintiff's Response to Motions to Dismiss as it applied to RBK's motion (docket # 15, filed June 25, 1987); the plaintiff consented to RBK's Motion to Strike (docket # 17); and, therefore, to the extent the plaintiff's June 23 Response to Motions to Dismiss opposes RBK's Motion to Dismiss, the Response to Motions to Dismiss shall be stricken.

The third motion to dismiss before the Court is the Motion to Dismiss of defendants Kaye V. Riggs and Nevada Protective Service, Inc. ("NPS") (docket # 10), filed May 19, 1987. Plaintiff opposed that motion in his Response to Motions to Dismiss (docket # 14). There was no reply.

Lastly, before the Court is the Motion to Dismiss (docket # 13) of defendant Walton, Inc. ("Walton"), filed June 9, 1987. That motion, too, was opposed by plaintiff in his June 23 Response to Motions to Dismiss (docket # 14). Walton replied on July 8, 1987 (docket # 18).

The plaintiff's complaint against the City, Walton, RBK, Riggs, and NPS includes three counts. The first count is based on Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2. The second count alleges tortious interference with business relationships, a state-law cause of action. The third count alleges unfair competition, also a state-law cause of action. Plaintiff asserts subject matter jurisdiction based upon 15 U.S.C. § 15, which provides for private causes of action for violation of the antitrust laws, including 15 U.S.C. §§ 1 and 2.

Factually, the complaint alleges that the plaintiff has operated a "funeral procession motorcycle escort service" in Washoe County, Nevada. The complaint alleges that, from September, 1986, until the date of suit (April 8, 1987), the City has operated a funeral escort service and that, from April 17, 1986, to September 12, 1986, Riggs and NPS also operated such a service. The funeral escort services of the City, Riggs, and NPS allegedly have been illegal and have been operated in direct competition with the service operated by plaintiff. Further, the plaintiff alleges that defendants Walton, RBK, and the City have "consistently and knowingly misrepresented to the general public and to other funeral homes throughout the United States of America the falsehood that Plaintiff Parrish is no longer in the funeral procession motorcycle escort business." Complaint (docket # 1) at 4. The complaint also alleges that, from April 17, 1986, until the date of suit, the defendants

> entered into a course of conduct, combined, conspired and otherwise acted to restrain the funeral procession motorcycle escort service industry in Northern Nevada by systematically denying the existence of Plaintiff PARRISH to interested third persons, and by failing to contract for Plaintiff's services, even

when such services are required by law and Plaintiff was and is the only entity lawfully engaged in such business in the County of Washoe, State of Nevada contrary to Section 1 of the Sherman Act.

Complaint at 5. The complaint also alleges that, during the period of April 17, 1986, until the date of suit, the defendants

> have attempted to, and have monopolized the funeral procession motorcycle escort industry by combining and/or conspiring with each other with the idea of eliminating Plaintiff PARRISH from competition by denying his existence to interested third persons, by failing to deal and or contract with him although he was the only entity lawfully engaged in such business, and by entering into collusive, non-competitive, and patently illegal contracts and business arrangements with each other with the idea of driving Plaintiff PARRISH from the industry contrary to Section 2 of the Sherman Act.

*Id.* No further allegations underlying the federal antitrust claims are made in the complaint.

The four motions to dismiss, which are now before the Court, are all based on the same ground: that the plaintiff has failed to plead and prove a nexus between the activities of defendants and interstate commerce. All four motions to dismiss are made pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

In the case of *McLain v. Real Estate Bd. of New Orleans,* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980) the Supreme Court delineated the jurisdictional reaches of the federal antitrust laws. The Court also clarified the procedures through which litigants must assert and contest jurisdiction in antitrust cases. The Court said:

> To establish jurisdiction a plaintiff must allege the critical relationship in the pleadings and if these allegations are controverted must proceed to demonstrate by submission of evidence beyond the pleadings either that the defendants' activity is itself in interstate commerce or, if it is local in nature, that it has an

effect on some other appreciable activity demonstrably in interstate commerce.

*McLain,* 444 U.S. at 242, 100 S.Ct. at 509. The Court also stated: ·

> To establish federal jurisdiction in this case, there remains only the requirement that respondents' activities which allegedly have been infected by a price-fixing conspiracy be shown "as a matter of practical economics" to have a not insubstantial effect on the interstate commerce involved.

*Id.* at 246, 100 S.Ct. at 511. *See Aron v. Michigan Health Care Corp.,* 600 F.Supp. 483, 485 (D.Nev.1984).

■ The plaintiff's complaint includes no allegations of a nexus between defendants' activities and interstate commerce. Plaintiff does, however, make such allegations in opposition to the defendants' motions to dismiss. Those include allegations that human remains are shipped in interstate commerce, that out-of-state people make arrangements for Washoe County funerals, that defendants are listed in a directory of funeral providers seeking interstate business, that defendant RBK is owned by a large interstate funeral home holding company based in Houston, that defendant Walton owns a cemetery in California, that caskets are shipped in interstate commerce, and that interstate highways are used by the defendants in operating their funeral escort services. These allegations could be incorporated into the plaintiff's complaint by amendment. Because of the possibility of amendment of the complaint, the plaintiff's failure initially to plead the nexus between the defendants' acts and interstate commerce is not now a basis for dismissal.

■ The aspect of this case which mandates dismissal for lack of subject matter jurisdiction is the plaintiff's failure to substantiate any of his allegations regarding the relationship between defendants' acts and interstate commerce. *McLain* explicitly requires that after defendants have contested the nexus to interstate commerce the plaintiff must show, by submission of evidence beyond the pleadings, the required nexus. This requirement from *McLain* was quoted by defendant City in its Memorandum of Points and Authorities in Support of Motion to Dismiss (docket # 6), filed April 29, 1987, and has been mentioned in nearly every subsequent memorandum of points and authorities filed by the four moving defendants in support of dismissal. In the face of that clear authority, the plaintiff twice opposed dismissal without filing evidence of any kind. The plaintiff has had ample opportunity to meet the requirements of *McLain.* The Court cannot assume subject matter jurisdiction over this case based on unsupported allegations.

IT IS, THEREFORE, HEREBY ORDERED that the Motion to Strike Plaintiff's Response to Motions to Dismiss (docket # 15), filed by defendant Ross, Burke & Knobel Mortuary on June 25, 1987, and joined in by defendant City of Reno on June 29, 1987, (docket # 16) is GRANTED. To the extent that plaintiff's Response to Motions to Dismiss (docket # 14), filed June 23, 1987, opposes the motions to dismiss of defendants Ross, Burke & Knobel Mortuary (docket # 8) and City of Reno (docket # 6), the Response to Motions to Dismiss (docket # 14) is STRICKEN.

IT IS FURTHER ORDERED that the Motion to Dismiss of defendant City of Reno (docket # 6), filed April 29, 1987, is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss of defendant Ross, Burke & Knobel Mortuary (docket # 8), filed May 6, 1987, is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss of defendants Kaye V. Riggs and Nevada Protective Service, Inc. (docket # 10), filed May 19, 1987, is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss of defendant Walton, Inc. (docket # 13), filed June 9, 1987, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's action as against all defendants is DISMISSED for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.