**MOUNTAIN VIEW PHARMACY et al.,**
**Plaintiffs–Appellants,**

v.

**ABBOTT LABORATORIES et al.,**
**Defendants–Appellees.**

**No. 78–1918.**

United States Court of Appeals,
Tenth Circuit.

Submitted May 6, 1980.
Decided Oct. 2, 1980.

Lowell V. Summerhays and Peter W. Guyon of Robinson, Guyon, Summerhays

& Barnes, Salt Lake City, Utah (Ronald E. Dalby, Salt Lake City, Utah, with them on the brief), for plaintiffs–appellants.

W. Robert Wright of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah (Rogers & Wells, New York City, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., Kaye, Scholer, Fierman, Hays & Handler, New York City, Strong & Hanni, Watkiss & Campbell, Prince, Yeates & Geldzahler, Fabian & Clendenin, Parsons, Behle & Latimer, VanCott, Bagley, Cornwall & McCarthy, Berman & Giauque, Snow, Christensen & Martineau, Ray, Quinney & Nebeker, Salt Lake City, Utah, Hughes, Hubbard & Reed, New York City, Fox, Edwards & Gardiner, Burbidge, Mabey & Mitchell, Mary Lou Godbe, Salt Lake City, Utah, Wald, Harkrader & Ross, Washington, D. C., with him on the brief), for defendants–appellees.

Before McKAY, PECK * and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Plaintiffs, thirteen independent retail druggists, filed an antitrust complaint against twenty–eight drug manufacturers, alleging violations of section 1 of the Sherman Act, 15 U.S.C. § 1, and section 2(a) of the Robinson–Patman Act, 15 U.S.C. § 13(a). The trial court dismissed the complaint with prejudice. We affirm in part and reverse in part.

The original complaint used statutory language to describe the alleged antitrust violations without including any factual allegations whatsoever. Motions were filed by various defendants to dismiss the complaint. At the first pretrial conference, plaintiffs' attorney said he would propose an amended complaint, and the parties agreed to postpone arguments on the sufficiency of the complaint and to hold discovery in abeyance pending the proposed amendment.

Subsequently, plaintiffs filed a motion to amend pursuant to Rule 15, Fed.R.Civ.P., with a proposed amended complaint attached. As the trial court noted, the second complaint was longer and better organized, but aside from allegations relating to one specific drug and one manufacturer, no facts had been added to support the alleged statutory violations.

Defendants objected to the form of the proposed amended complaint and moved the court to require a certificate from plaintiffs setting forth the facts underlying the causes of action as a condition to amendment. At a second pretrial conference, the trial court granted defendants' motion, voicing concern over the lack of factual allegations. Plaintiffs thereafter filed a factual certificate.

A third pretrial hearing was held to consider plaintiffs' motion to amend in light of their certificate, which consisted primarily of legislative reports and newspaper and magazine articles on the drug industry. The court found that this material failed to provide any factual basis for the conclusory allegations in the amended complaint and refused leave to amend. It then dismissed with prejudice the original complaint for failure to state a claim upon which relief could be granted.

Plaintiffs contend on appeal that their original complaint was sufficient to withstand a motion to dismiss. They also argue that the court did not have authority to condition leave to amend upon presentation of a certificate of factual support and that, in any event, the certificate provided the requisite factual allegations. As a result of the allegedly premature dismissal, plaintiffs contend they were wrongfully deprived of discovery and of a jury trial.

I.

The trial court in this case conditioned leave to amend on plaintiffs' filing a factual certificate containing "sworn statements

---

* Of the United States Court of Appeals, Sixth Circuit, sitting by designation.

setting forth all facts presently known to them, if any, which support their belief that they possess meritorious claims under the Sherman and Robinson–Patman Acts." Rec., vol. VIII, at 1212–13. Plaintiffs contend this condition was an abuse of discretion because it imposed a stricter pleading standard than required by the Federal Rules.

While it is within a court's discretion to impose "reasonable conditions" on a grant of leave to amend, *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 192 F.2d 620, 631 (10th Cir. 1951), we agree that the certification procedure imposed here by the trial court was an improper condition to amendment of the complaint. The trial court's apparent purpose in requiring the certificate was to ensure that plaintiffs pleaded sufficient facts to constitute a claim upon which relief could be granted.[1] The proper procedure for accomplishing this end would have been to evaluate the proposed amended complaint under the governing standards of Rule 8(a), Fed.R.Civ.P., rather than by requiring a certificate as an auxiliary pleading requirement.[2]

Because the trial court should have directly ruled upon the adequacy of the amended complaint under Rule 8(a), on review we shall examine both the original and the amended complaint in determining whether plaintiffs have alleged a claim upon which relief can be granted. In so doing, we have elected to view the factual certificate as a component of the amended complaint, for having had the burden of producing the certificate imposed on them, plaintiffs should have the benefit of any supporting allegations it contains.

## II.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." As plaintiffs correctly assert, the drafters of the Federal Rules intended that Rule 8(a)(2) avoid the complexities which had arisen under the prior pleading requirements. *See generally* 5 Wright & Miller, *Federal Practice and Procedure* §§ 1202, 1218 (1969). The technical distinction between pleading "ultimate facts" as opposed to "conclusions" was abandoned. *Id.* § 1216 at 115. *See, e. g., Oil, Chemical & Atomic Workers International Union v. Delta Refining Co.*, 277 F.2d 694, 697 (6th Cir. 1960). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. at 103. As we stated in *New Home Appliance Center v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957): "[o]nly a generalized statement of the facts from which the defendant may form a responsive pleading is necessary . . . ." *See Riblet Tramway Co. v. Monte Verde Corp.*, 453 F.2d 313, 318 (10th Cir. 1972).

The pleading standard set by Rule 8(a)(2) does not change from case to case. In *New Home Appliance* we noted that "the liberal rules of pleading are as applicable to [antitrust] cases as any other case." 250 F.2d at 883. However, while the pleading standard does not vary, what constitutes sufficient notice to enable a defendant to formulate a responsive pleading does change from case to case. To provide adequate notice, a com-

---

**1.** The trial court stated that the certification procedure was adopted to provide the court with an opportunity to determine whether plaintiffs had any factual basis for their alleged injuries before expensive and time–consuming discovery began.

**2.** Moreover, conditioning amendment of a complaint on the filing of a certificate "setting forth *all* facts presently known" to plaintiffs supporting their claim, exceeded the requirements of Rule 8(a). Rec., vol. III, at 1212–13 (emphasis added). "Notice pleading" is all that is required by the Federal Rules. *See* part II, *infra*. Conditioning amendment of a complaint on the filing of the type of certificate required here violates the principles of notice pleading.

plaint in a complex, multi–party suit may require more information than a simple, single party case.

"What is a 'short and plain' statement depends, of course, on the circumstances of the case. For example, a complaint for conversion or to recover on a note, can be stated in half a page. On the other hand a complaint dealing with a more complex matter, as in an antitrust action, an action to enjoin enforcement of an unconstitutional statute, an interpleader suit, or a stockholder's action will be more extended and may require more particularity."

2A *Moore's Federal Practice* ¶ 8.13, at 8–124, 125 (2d ed. 1979); *accord, Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir. 1957), *cert. denied*, 355 U.S. 829, 78 S.Ct. 41, 2 L.Ed.2d 42 (1959).

■ Under these principles, plaintiffs' original complaint was properly subject to dismissal. As noted in the dismissal order, the original complaint "did little more than recite the relevant anti–trust laws." Rec., vol. X, at 1746. The complaint failed to allege any specific act by any defendant concerning any drug upon which injury to any plaintiff was predicated.[3] A complaint drafted only in terms of the statutory language in a case involving thirteen plaintiffs alleging Sherman Act and Robinson–Patman Act violations by twenty–eight defend-

ants cannot satisfy Rule 8(a)(2). In *Klebanow v. New York Produce Exchange*, 344 F.2d 294, 299 (2d Cir. 1965), Judge Friendly, facing a similar issue, declared:

"The statement . . . furnishes not the slightest clue as to what conduct by the defendants is claimed to constitute 'an illegal contract combination and conspiracy.' While *Nagler v. Admiral Corp.*, 248 F.2d 319, 322–323 (2 Cir. 1957), repudiated the idea that 'some special pleading * * * is required in antitrust cases,' it is no authority that in such cases the pleader is specially privileged to plead nothing but the statutory words. A mere allegation that defendants violated the antitrust laws as to a particular plaintiff and commodity no more complies with Rule 8 than an allegation which says only that a defendant made an undescribed contract with the plaintiff and breached it, or that a defendant owns a car and injured plaintiff by driving it negligently."

■ For the most part, the amended complaint adds little but length to the allegations. For example, it alleges that defendants have engaged in tying arrangements violative of section 1 of the Sherman Act. Yet, plaintiffs do not identify the offending defendants, the injured parties, the tied products, or the tying products.[4] The twenty–eight defendants produce hundreds of products, some or all of which are

---

**3.** The complaint was a virtual carbon copy of one filed six years earlier in a separate case. *See Portland Retail Druggists Ass'n, Inc. v. Abbott Laboratories*, 510 F.2d 486 (9th Cir. 1974), *vacated and remanded*, 425 U.S. 1, 96 S.Ct. 1305, 47 L.Ed.2d 537 (1976), involving an appeal of one of five claims made by the plaintiffs in that case.

**4.** The amended complaint contains the following tying allegations:

"(4) Defendants, individually and/or in combination with others, have created 'tying' arrangements whereby they have sold certain commodities, 'tying products', to the Plaintiffs on the condition that the Plaintiffs also purchase certain specific products, 'tied products', from the Defendants.

"(5) Defendants have been able to establish this 'tying' arrangement because of the power over the market available to them through volume dealing of the 'tying prod-

ucts', exclusive patents held with respect to the 'tied product', or other means.

"(6) In the absence of this 'tying' arrangement, Plaintiffs would not purchase the 'tied product' from Defendants or would not have purchased the 'tied product' in this large of quantity.

"(7) The effect of this 'tying' arrangement has been to substantially lessen competition, and the Plaintiffs have not been able to purchase the type and quantity of product for sale most suited to their needs because of the requirements regarding the 'tied products' imposed by the Defendants.

"(8) This 'tying' arrangement is illegal, per se, under the Sherman Anti·Trust Act.

"(9) A 'tying' arrangement affects more than an insubstantial amount of commerce in regard to the 'tied product' as evidenced by the volume."

Rec., vol. VII, at 888.

sold to some or all plaintiffs. The number of potential tying arrangements is astronomical. In these circumstances, a complaint alleging tying violations of the antitrust laws should at least provide defendants with some notice as to which products are being tied. Defendants here are without fair notice as to the grounds upon which plaintiffs' tying allegation rests and are in no position to produce a responsive pleading.

The other Sherman Act claim alleging a conspiracy to fix prices suffers from the same defect. A blanket statement that twenty-eight defendants have conspired to fix prices on drug sales to thirteen plaintiffs does not provide adequate notice for responsive pleading. *See, e. g., Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 273 (5th Cir. 1979); *California Dump Truck Owners Ass'n v. Associated General Contractors*, 562 F.2d 607, 615 (9th Cir. 1977).

> "Although the Federal Rules permit statement of ultimate facts, a bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal. See generally, 2A Moore, Federal Practice ¶ 12.08 (2d ed. 1968). This is particularly true when, as here, the original plaintiff has already amended his complaint once with the approval of the court."

*Heart Disease Research Foundation v. General Motors Corp.*, 463 F.2d 98, 100 (2d Cir. 1972).

The allegations of section 2(a) violations of the Robinson–Patman Act in plaintiffs' amended complaint are likewise largely inadequate under Rule 8(a)(2). A section 2(a) violation consists of two sales of a product by the same seller to at least two different purchasers on different terms. *Hiram Walker, Inc. v. A & S Tropical, Inc.*, 407 F.2d 4, 7 (5th Cir.), *cert. denied*, 396 U.S. 901, 90 S.Ct. 212, 24 L.Ed.2d 177 (1969). Except as noted below, plaintiffs' amended complaint fails to specify any products that were the subject of discriminatory treatment, nor does it identify the favored and disfavored purchasers of a particular prod-

uct. In view of the number of plaintiffs, defendants, and products involved in this suit, a complaint that fails to allege at least some of this information does not give fair notice of the grounds upon which the Robinson–Patman claim rests.

In reaching these conclusions, we are not demanding an inordinate level of factual specificity in the amended complaint. We recognize that factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading. For this reason, we hold that portions of plaintiffs' proposed amended complaint do satisfy Rule 8(a)(2).

The pleading contains an allegation that apparently claims defendant Eli Lilly conspired with three defendant drug wholesalers to fix the price of insulin. In addition, an affidavit in the factual certificate contains a hearsay statement that defendant McNeil Laboratories violated the Robinson–Patman Act by giving unlawful price discounts to hospitals on Tylenol II. Both of these claimed violations allegedly injured some or all of the plaintiffs. These allegations place Eli Lilly and McNeil Laboratories on sufficient notice as to the grounds underlying these claims. Because Rule 15(a) of the Federal Rules of Procedure requires that leave to amend "be freely given when justice so requires," *see Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir. 1975), plaintiffs must be allowed to amend their complaint with regard to defendant Eli Lilly and the alleged conspiracy to fix the price of insulin and with regard to defendant McNeil Laboratories and the alleged unlawful price discounts on Tylenol III.

Except for these allegations, the proposed amended complaint and related factual certificate fail to improve upon the original complaint for purposes of Rule 8(a)(2). Setting aside the claims related to insulin and the addition of wholesalers as party defendants, the proposed amended

complaint is substantively identical to the original complaint. Although the materials in the factual certificate arguably prompt suspicion that the drug company defendants may have behaved improperly toward someone at some time somewhere in the country, this is not enough. Defendants must be on notice as to how they have allegedly injured these plaintiffs, for to state a claim under the antitrust laws, a private litigant must itself have suffered injury as a result of the defendant's illegal activity. *See World of Sleep, Inc. v. Stearns & Foster Co.*, 525 F.2d 40, 43–44 (10th Cir. 1975).

While Rule 15(a) requires that leave to amend be freely given, the Supreme Court has declared that this requirement is not applicable when "futility of amendment" is "apparent." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *DeLoach v. Woodley*, 405

F.2d 496, 497 (5th Cir. 1969). Since plaintiffs have been given ample opportunity to present a legally sufficient pleading by means of the original complaint, a factual certificate, and the proposed amended complaint,[5] we hold that apart from the insulin claims against Eli Lilly and the Tylenol claims against McNeil Laboratories, the trial court did not abuse its discretion in denying leave to amend. Accordingly, we reverse the trial court order in part and remand for further proceedings in keeping with this opinion. The trial court's dismissal with prejudice of the complaint against all defendants except Eli Lilly and McNeil Laboratories is otherwise affirmed.

---

**5.** In addition to our scrutiny of the proposed amended complaint, the trial court's statement in its dismissal order that "[b]oth complaints were equally devoid of any factual allegations which would support the claims of these plaintiffs against these particular defendants," rec., vol. X, at 1748, indicates that it also gave consideration to the amended complaint.