**STATE OF NEW YORK, Plaintiff,**

v.

**DAIRYLEA COOPERATIVE INC., Defendant.**

No. 81 Civ. 1891 (RO).

United States District Court, S.D. New York.

Sept. 6, 1983.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for plaintiff; Lloyd Constantine, Richard Gabriele, Asst. Attys. Gen., New York City, of counsel.

Botein, Hays, Sklar & Herzberg, New York City, for defendants Dellwood Foods, Inc., Sidney, Adler, Herbert Whitehead, John Jensen and Hugo Gercich.

Burns, Jackson, Summit, Rovins, Spitzer & Feldesman, New York City, for defendants Gold Medal Farms, Inc. and Martin Fromm.

Winick & Rich, P.C., New York City, for defendants Elmhurst Milk & Cream Co., Inc., Bernie Clark, Pat Mortorella, Charles Schwartz and Phil Penta.

Kasanof, Schwartz & Iason, New York City, for defendants Weissglass Gold Seal Dairy Corp. and William Szuman.

Scoppetta & Seiff, New York City, for defendants Ferndale Farms, Inc. Farms, Inc.

Wachtel & Snowe, Hicksville, N.Y., for defendant Nathan Krinski.

Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, Mineola, N.Y., for defendant M.H. Renken Dairy Co., Inc.

Gersten, Scherer, Kaplowitz & Brown, New York City, for defendant Queens Farms Dairy, Inc.

Herbert A. Lyon, Kew Gardens, N.Y., for defendants Caldwell Farms, Bertram Beyer and Robert Mauskopf.

Raymond F. Narral, New York City, for defendants John Cancellieri and Irving Seidenberg.

Salon, Marrow, Dyckman & Kellman, New York City, for defendants Meadowbrook Farms, Inc., Joseph V. Giuliano, Carlos Ramos, Steven Schwartz and William Schwartz.

Suozzi, English & Cianciulli, P.C., Mineola, N.Y., for defendant Trieagle Dairies, Inc.

Kornstein, Meister & Veisz, Saxe, Bacon & Bolan, New York City, for defendants Queensboro Farm Products, Inc., Allan Miller, Ronald Silver, Edward Altman and William Castellano.

Marcus & Katz, Mineola, N.Y., for defendants Puretest Milk Co., Inc., Tip Top Farms, Inc., Irving Ravens, Manchester Cream Co., Inc., George Holsten, Holland Farms, Inc., Glenridge Farms, Inc., Anthony Colletti and John Kennedy.

Esseks, Hefter, Cuddy & Angel, Riverhead, N.Y., for defendants Beyer Farms and Michael Beyer.

Gillen & Caliendo, New York City, for defendant Nicholas Albanese.

Moses & Singer, New York City, for defendants Sunnydale Farms, Inc. and Alan Kulick.

Elliot R. Press, Brooklyn, N.Y., for defendants Rainbow Dairies, Inc. and Jimmy Barbera.

Shea & Gould, New York City, for defendant William Schwartz.

Julien, Schlesinger & Finz, P.C., New York City, for defendants Park Lane Dairies and Silver Crest Farms.

Patrick L. Wynne, New York City, for defendants Morris Park Farms, Inc. and Jerome Zelinsky.

## OPINION AND ORDER

OWEN, District Judge.

According to the allegations in various indictments in the New York State courts, and in this and other civil complaints in this Court, the major wholesalers of milk in the eleven county downstate area of New York have for years been engaged in a horizontal conspiracy to fix the price of milk. They are alleged to have coerced other wholesalers into participation, and to have coerced or induced the vast body of retailers of milk, such as grocery stores, to sell at prices fixed by the conspiring wholesalers. According to the public press there have al-

ready been some resolutions of state criminal charges, and I am aware of settlements by certain wholesalers of civil litigation pending against them. Before me are motions to dismiss by defendant milk wholesalers in the civil action brought by the Attorney General of the State of New York on behalf of various state agencies which purchase directly from defendants and on behalf of the people of the State of New York as milk consumers, who purchased their milk from retailers.

The named defendants are twenty-six wholesalers and almost twice that number of their officers and salesmen. The complaint, while charging that the retail outlets were allocated by the wholesalers among themselves as part of the wholesalers' horizontal conspiracy, also charges that by coercion and inducement the wholesalers made the captive retailers co-conspirators in a *vertical* conspiracy to fix and maintain prices to consumers. The complaint, however, does not identify any retailer, nor are any named as parties to the suit.

Defendant wholesalers first move to dismiss under the rule of *Illinois Brick v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), to the extent that the complaint alleges a cause of action on the theory of *parens patriae* on behalf of New York's milk consumers. The wholesalers and certain individual defendants also move to dismiss the entire complaint under F.R. C.P. 8(a)(2) and 12(b)(6). Given my disposition of the above motions I do not reach other issues at this time.

In *Illinois Brick* the Supreme Court held that treble damages under § 4 of the Clayton Act are only recoverable by those directly overcharged by violators of the antitrust laws, not by indirect purchasers seeking to recover overcharges in wholesale prices which were passed down the chain of distribution to them. *Illinois Brick* involved overcharges by manufacturers of concrete block which were passed on to contractors and, finally, to the purchasers of the completed buildings. The Supreme Court upheld the dismissal of the claims by the building purchasers under the rationale of

*Hanover Shoe v. United Shoe Machinery Corp.,* 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968), in which the Court had earlier held that an antitrust defendant sued by a direct purchaser could not avoid responsibility for damages by a showing that its illegal overcharges had been passed on by the plaintiff to successive purchasers down the chain of distribution. The Court in *Illinois Brick* reasoned that, if proof of passing on of overcharges was not available as a defense, it should not be available for "offensive" use by an indirect purchaser. The Court noted not only the difficulties of fairly tracing the portions of overcharges attributable to successive levels of distribution, but also the risk of multiple recovery against a defendant for the same overcharge.

As noted earlier, the defendants are all milk wholesalers. No retail outlets are specifically named in the complaint, either as defendants or as co-conspirators. Pursuant to the *parens patriae* statute, 15 U.S.C. § 15c(a)(1), the Attorney General must stand in the shoes of the consumers on whose behalf he sues. These consumers, however, obviously purchased milk from retailers and are therefore *indirect* purchasers of milk from defendant wholesalers. In response to defendants' assertion that this violates *Illinois Brick,* the Attorney General contends that the wholesalers are also in a vertical conspiracy with retailers to fix retail prices to the consumer. The complaint does allege in a sketchy and conclusory manner that unnamed milk retailers were either willing or coerced co-conspirators with the named wholesalers. Other courts that have addressed this question in the context of *Illinois Brick* have sustained claims based on such allegations of vertical conspiracy. *In Re: Mid-Atlantic Toyota Antitrust Litigation,* 516 F.Supp. 1287 (D.Md.1981); *In Re: Midwest Milk Monopolization Litigation,* 529 F.Supp. 1326 (W.D. Mo.1982); *In Re: Beef Industry Antitrust Litigation,* [1979—2 Trade Cases ¶ 62,802]. However, most courts which have addressed the issue in any detail have also required that the alleged co-conspirator-intermediar-

ies, whose participation must be demonstrated if a vertical conspiracy is to be proved and *Illinois Brick* circumvented, must be named as defendants. *See Technical Learning Collective, Inc. v. Daimler-Benze Aktiengesellschaft, et al.,* 1980–81 Trade Cos. (CCH) ¶ 63,612 (D.Md.1980), and cases cited therein.

There can be no recovery in actions brought under such a vertical conspiracy theory without an adjudication that the retailers participated in an illegal conspiracy with the wholesalers. The requirement of a formal determination of retailer participation in the conspiracy as a prerequisite to recovery by a consumer against the wholesaler is especially appropriate in the instant action, where certain retailers are prosecuting in this very court a class action against the same wholesalers alleging the same price-fixing conspiracy (while denying their participation in the conspiracy) and claiming damages. *940 Morris Food Corp. v. Dairylea Cooperative, Inc., et al.,* 81 Civ. 1963. This is the very situation the Supreme Court foresaw as presenting a "serious risk of multiple liability for defendants" and sought to avoid by its resolution of *Illinois Brick,* 431 U.S. at 730, 97 S.Ct. at 2066.

The *parens patriae* claim, to the extent it seeks damages, is therefore dismissed with leave to replead, naming and bringing in as parties the alleged retailer co-conspirators and adequately pleading the claim of retail price fixing. That this appears impractical in the extreme does not justify a contrary rule. It only means that in certain unusual factual settings such as this, a *parens patriae* action is realistically foreclosed. Obviously, the Attorney General's claims on behalf of the State agencies which were direct purchasers are in no way affected by the foregoing, nor is the *parens patriae* claim for injunctive relief against wholesalers found to be offending.

■ A substantial number of the twenty-six corporate and forty-nine individual defendants also move to dismiss the complaint under F.R.C.P. 8(a)(2) and 12(b)(6) for failure to state a claim that would establish plaintiff's right to recover from any given defendant. The complaint does plead the general nature of the alleged conspiracy, and to that extent satisfies pleading requirements as to the corporate defendants, *George C. Frey Ready—Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551 (2d Cir.1977). As to the forty-nine individuals, however, the complaint merely recites their employment with various defendants—some are alleged to be officers, some salesmen—and their home addresses, and nothing more. It then states that "the defendants", without further specification, engaged in the described illegal conduct. Defendants argue that this fails to state a claim that could possibly establish individual liability in this action which, in addition to injunctive relief, seeks treble damages against all individual and corporate defendants, jointly and severally, under federal law and a penalty of $100,000 against each individual defendant, under New York law. The Attorney General asserts that the pleadings against *all* defendants are sufficient to survive a motion to dismiss given such authorities as *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., supra.* I am of the view, however, that before a corporate officer or employee should be required to undergo the rigors and expense of defending an action of such sweeping scope, the plaintiff has the obligation to state with some specificity allegations of conduct which would, if proved, render such an individual liable as a participant in the alleged conspiracy.*

As the Court of Appeals for the Fifth Circuit stated in reference to a criminal antitrust action no larger nor more complex than the instant case

Defendants may not be hailed into courts to stand the expense and embarrassment of trial upon an indictment of this kind without being definitely in-

---

* The barrenness of this complaint in this regard is particularly troublesome to the court given its obvious impact upon minor employees, to whom the cost of legal representation and dislocation of their lives from an extensive trial could be ruinous.

formed of the specific acts upon which their alleged guilt or complicity is predicated. Being an employee or public relations counsel for a large corporation, standing alone, is not sufficient to subject a defendant to the expense, embarrassment, and loss of time the trial of this case will involve. To join a defendant in an indictment of this kind with no further allegation of fact than is made against these two defendants is a denial of due process. It is to place upon an accused the burden of disproving a conspiracy in which the part played by him is not alleged with such definiteness as to permit him to prepare his defense.

*U.S. v. New York Great Atlantic and Pacific Tea Co.*, 137 F.2d 459, 464 (CA 5, 1943), see also *Socialist Workers Party v. Attorney General of the United States et al.*, 375 F.Supp. 318, 325 (1974). In other words, a "plain statement of the claim" as required by Rule 8(a)(2) must, in this situation, include a statement of the pleader's entitlement to relief against any given individual defendant. This the complaint fails to do. See *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383 (1980). Accordingly the complaint is dismissed as to the individual defendants with leave to plaintiff to replead within 45 days from the date of the order herein.

In view of the above, all other relief sought by various of defendants' motions is denied at this time without prejudice.

Submit order on notice effectuating the foregoing.