930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Joe HERRERA, Plaintiff-Appellant,
v.
Jeff NIETO, Defendant-Appellee.
 No. 90-2179.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Pro se prisoner Joe Herrera brought this civil rights action against defendant, Jeff Nieto, under 42 U.S.C. Sec. 1983. He alleged that he was falsely accused of fighting with another inmate, that he was not allowed to call witnesses on his behalf at his disciplinary hearing, and that he was sentenced to disciplinary confinement and stripped of his "good time" in violation of his due process rights. The district court for the district of New Mexico, Campos, J., dismissed plaintiff's cause of action without prejudice, concluding that 1) the Eleventh Amendment barred suit against defendant, who was a state official acting in his official capacity; 2) plaintiff did not allege sufficient facts to support a Sec. 1983 claim; and 3) plaintiff failed to establish a sufficient nexus between defendant and the alleged tortious conduct. We reverse the district court's dismissal on all three grounds and remand for further consideration of plaintiff's claim on the merits.
 
 ELEVENTH AMENDMENT
 
 3
 The district court found that "plaintiff admits that the defendant was working in his official capacity at the time of the incident in question here. Plaintiff's damages claims are barred by the Eleventh Amendment because a suit against a state official acting in his official capacity is treated as a suit against the state." Order at 4. We disagree.
 
 
 4
 Plaintiff brought this suit against defendant "individually and in [his] ... official capacity." Complaint at 1. (emphasis added). As the Supreme Court noted in Kentucky v. Graham, 473 U.S. 159, 165-166 (1985), the distinction between personal and official-capacity action suits "continues to confuse lawyers and confound lower courts." Personal--or individual--capacity suits seek to impose personal liability upon a government official for actions taken under color of state law.
 
 
 5
 On the merits, to establish personal liability in a Sec. 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a government entity is liable under Sec. 1983 only when the entity itself is a moving force behind the deprivation.
 
 
 6
 Id. at 166 (quotations and citations omitted) (emphasis in original).
 
 
 7
 We agree with the district court that plaintiff's official-capacity action must be dismissed; plaintiff has alleged no facts which suggest that the government was a moving force behind the alleged rights deprivation. However, we must conclude that plaintiff did meet the burden for a personal-capacity Sec. 1983 action. "Fairly read, the [complaint] allege[s] that ... defendant[ ], in undertaking [his] actions, acted either outside the scope of his office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of his office." Scheur v. Rhodes, 416 U.S. 232, 235 (1974). We therefore reverse the lower court's dismissal of plaintiff's individual-capacity suit. The Eleventh Amendment poses no bar to this action.
 
 SUFFICIENCY OF THE FACTS
 
 8
 The district court concluded that plaintiff did "not allege sufficient facts to support [his] claim." Order at 3. Specifically, the court found that "[plaintiff] does not state how long he was kept in maximum security confinement ..., what the maximum security confinement was like ..., what witnesses were available to him, how their testimony would have benefited him, how he attempted to call them, and how his efforts were thwarted." Id. at 3-4. The district court also found that "plaintiff's allegations that he was 'retaliated against' and denied the right to be 'properly defended' are similarly bare of any supporting statements of fact." Id.
 
 
 9
 While we agree that plaintiff's complaint could be more factually specific and elaborate, we note that much of the detail requested by the district judge would properly go to evidence and, as such, is not necessary to the complaint. After all, the complaint need be only "a generalized statement of the facts from which the defendant may form a responsive pleading...." Mountain View Pharmacy v. Abbott Laboratory, 630 F.2d 1383, 1386 (10th Cir.1980) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, we are mindful that "pro se complaints must be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers." Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980). As the Supreme Court noted in Estelle v. Gamble, 429 U.S. 97, 106 (1976), a pro se complaint should "only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)). We think that plaintiff has met that burden here. Indeed, we point to the case of Boag v. MacDougal, 454 U.S. 364 (1982), in which the Supreme Court held that a crudely written pro se complaint alleging that prisoner had been placed in solitary confinement without any notice or hearing was sufficient to state a claim.
 
 
 10
 We are well aware of our Tenth Circuit cases affirming the dismissal of pro se complaints that are couched only in conclusory language. See Durre v. Dempsey, 869 F.2d 1527, 1543 (10th Cir.1989) (prisoner's conspiracy action was properly dismissed where complaint failed to allege sufficient facts showing agreement and concerted action); Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986) (prisoner's complaint was properly dismissed where allegations were conclusory and unsupported by underlying facts). However, in at least one particular, the plaintiff here has alleged sufficient facts to state a claim. In this case, plaintiff has alleged that he was wrongly accused of fighting, that he was sent to maximum security confinement and stripped of his good time credits as punishment for that "offense," and that he was denied the opportunity to call witnesses on his behalf at his disciplinary hearing. These facts may be sufficient to raise a due process claim.
 
 
 11
 In Hughes v. Rowe, the Supreme Court noted that "[s]egregation of a prisoner [for punishment purposes] without a prior hearing may violate due process if the postponement of procedural protections is not justified by apprehended emergency conditions." 449 U.S. at 11. See also Hewitt v. Helms, 459 U.S. 460, 468 (1983); Frazier v. Dubois, --- F.2d ----, (10th Cir.1990). The Court, in effect, recognized that prisoners have a liberty interest in being free from punitive confinement and that this liberty interest is "independently protected by the Due Process Clause." Hewitt, 459 U.S. at 468 (concluding that non-punitive confinement was not independently protected by the Due Process Clause). Therefore, before a prison can subject a prisoner to punitive confinement, it must afford him certain procedural requirements, including the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566.
 
 
 12
 Plaintiff here claims that he was sent to confinement as punishment and that at the hearing he was denied the right to call witnesses on his behalf. These factual allegations are sufficient to raise a Sec. 1983 claim. We therefore conclude that the district court erred in dismissing plaintiff's claim for failing to allege sufficient facts.
 
 NEXUS BETWEEN DEFENDANT AND ALLEGED CONDUCT
 
 13
 Finally, the district court concluded that "plaintiff fails to establish a sufficient nexus between the defendant and the alleged tortious conduct." Order at 3. According to the court, "[a]part from alleging that the defendant is chairman of disciplinary hearings for the State Penitentiary, the plaintiff fails to allege any facts directly implicating the defendant in ... plaintiff's allegation that he was not allowed to call witnesses, or any conduct directly associated with the hearing." Id.
 
 
 14
 While the district court accurately summarizes the facts alleged by plaintiff, we would note that "alleging that the defendant is chairman of disciplinary hearings for the State Penitentiary" goes a long way toward implicating the defendant in the alleged due process violations. This is particularly true given our liberal reading of pro se complaints. Hughes, 449 U.S. at 9. It does not require an unreasonable inferential leap to conclude that the defendant, as chairman of disciplinary hearings for the prison, was responsible for the alleged violation of plaintiff's due process rights at the disciplinary hearing. We therefore think that the complaint was sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Mountain View Pharmacy v. Abbott Laboratory, 630 F.2d at 1386.
 
 
 15
 Although more facts may be necessary to resolve this matter on the merits, this allegation is sufficient to survive the pleading stage. We therefore find that the district court demanded too much from this pro se plaintiff and that the complaint was wrongly dismissed.
 
 CONCLUSION
 
 16
 REVERSED and REMANDED to the district court for disposition on the merits.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3