**F I L E D**

UNITED STATES COURT OF APPEALS

**JUN 12 1998**

TENTH CIRCUIT

---

JACK LANE, RODROCK,

      Plaintiff-Appellant,

v.

NOLA T. FOULSTON, District
Attorney, Eighteenth Judicial District,
State of Kansas; ROBERT C. BELL,
Judge; PAUL BUCHANAN, Judge;
MICHAEL CORRIGAN, Judge;
DAVID W. DEWEY, Judge; CLARK
V. OWENS, Judge; DOUGLAS R.
ROTH, First Deputy District Attorney;
MARK A. JORDAN, Assistant District
Attorney; CHRISTINE M.T.
LADNER, Assistant District Attorney;
MICHAEL D. HILL, Sheriff;
DONALD E. LAMBDIN; LUCY L.
HERLOCKER; SUSAN MUELLER;
RON RUGG, Judge; JAMES
MATHUES GUY; MICHAEL
MEULLER; SAM HOUSTON,
Sargent; DOUG WITSON, Sheriff,

      Defendants-Appellees.

No. 97-3350
(D.C. No. 97-1257 - JTM)
(District of Kansas)

---

ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case,

(continued...)

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

In this civil rights suit against a plethora of judges, lawyers and sheriffs, we are left with utterly no idea from reading Jack Lane, Rodrock's[1] verified complaint what particular events or conduct allegedly deprived him of the laundry list of constitutional and common law rights he asserts in this case. As a result, we must affirm the district court's dismissal of his complaint under Fed. R. Civ. P. 12(b)(6) because Rodrock's suit fails to meet the "plain statement" requirement of Fed. R. Civ. P. 8(a)(2).

## Background

Rodrock filed his verified complaint pro se against six judges, four prosecutors, two sheriffs, one sheriff's department sergeant, three private practice attorneys, and a married couple living in Wichita, Kansas. (See R., Doc. #1, Compl. at 2.) The most that can be gathered from Rodrock's allegations is the following: On March 8, 1996, Judge David W. Dewey issued an order to

---

[*](...continued)
res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] In all of his filings both in the district court below and in this court, Mr. Rodrock has used a comma after his middle name. We will conform this Order & Judgment to his appellation.

incarcerate Rodrock because of a dispute in a child support case emanating from the dissolution of Rodrock's marriage to the now-remarried Susan Mueller.[2]  (See id. at 4, ¶ 7.)  On October 28, 1996, Judge Clark V. Owens issued a bench warrant for Rodrock, and on March 21, 1997, Judge Paul Buchanan remanded Rodrock to jail.  (See id. at 3-4, ¶¶ 5-6.)

Out of these three bare facts, Rodrock has alleged a vast superstructure of constitutional claims, citing the First, Fourth, Fifth, Seventh, Ninth, Tenth, Eleventh, and Thirteenth Amendments to the Constitution of the United States.  (See id. at 4, ¶¶ 6-7, 9-10.)  Furthermore, reading Rodrock's complaint as generously as possible, he appears also to be asserting a conspiracy by the defendants to deny him the equal protection, privileges and immunities of the laws under 42 U.S.C. § 1985(3).[3]  (See id. at 5, ¶¶ 12-15.)  Finally, Rodrock's complaint includes an itemized list of "counts" against the various groups of

---

[2]Additional materials submitted with Rodrock's summary judgment motion indicate that Rodrock was held in contempt of court for his failure to make substantial payments toward an accumulated child support debt of more than $14,000.  (See R., Doc. # 32, "Dewey Ex. # 2" (Tr. of Proceeding in Case No. 89-D-3144, March 8, 1996), at 7.)

Although these additional summary judgment materials provide some context to help us decipher Rodrock's pleadings in this case, we have found nothing in them that alters our conclusion below that Rodrock can allege no set of facts upon which relief may be based.

[3]Our interpretation of Rodrock's complaint on this point stems from his repetitive citations to 28 U.S.C. § 1343(a)(2), a jurisdictional statute that merely provides the federal courts with subject-matter jurisdiction to hear a civil rights conspiracy claim under 42 U.S.C. § 1985.

defendants, and on the basis of these "counts" Rodrock has demanded a total of $35.6 million from the defendants, that is, $200,000 for each count against each defendant plus an additional $2 million from Sheriff Hill and Sergeant Houston.[4]

All of the defendants responded to Rodrock's complaint by arguing that it violated Rule 8(a)'s requirement of a "short and plain statement" of the claims, and they filed motions to dismiss under Rule 12(b)(6) or in the alternative for a more definite statement under Rule 12(e). (See R., Doc. # 9, 10, 11, 13, 15, 18, 19, 22.) Finding that Rodrock's complaint was "a rambling, incoherent series of

---

[4]Rodrock's complaint lists the following "counts":
Against the defendant judges -
  "Perjury of Oath," "Deprivation of Rights," "Duress," "Chilling Effect Doctrine," "Conspiracy," "Constitutional Tort," "Defamation of Character," and "Collusion."
Against defendant prosecutors -
  "Perjury of Oath," "Deprivation of Rights," "Duress," "Chilling Effect Doctrine," "Conspiracy," "Extortrio (Legal)," "Fiduciary Misconduct," "Malpractice," "Defamation of Character," and "Collusion."
Against the defendant private attorneys -
  "Perjury of Oath," "Deprivation of Rights," "Duress," "Chilling Effect Doctrine," "Conspiracy," "Extortrio (Legal)," "Fiduciary Misconduct," "Malpractice," and "Collusion."
Against Sheriff Hill and Sergeant Houston -
  "Perjury of Oath," "Deprivation of Rights," "Duress," "Chilling Effect," "Conspiracy," "Slander," and "Defamation of Character."
Against Sheriff Witson -
  "Perjury of Oath," "Deprivation of Rights," "Duress," "Chilling Effect Doctrine," and "Conspiracy."
Against Mr. and Mrs. Mueller -
  "Defamation of Character," "Deprivation of Rights," "Duress," "Tort," "Conspiracy," "Collusion," and "Mallice" [sic].

generalizations," the district court dismissed the complaint for violating Rule 8(a). (See R., Doc. # 36, Mem. & Order, at 2.) The court also found that the complaint was barred by the absolute or qualified immunity of all the defendants. (See id. at 3.)

Rodrock filed a timely notice of appeal, (see R., Doc. # 47), and his brief on appeal appears to assert a single issue, i.e., whether the district court violated the Seventh Amendment's guarantee of a jury trial in all suits at common law for damages of more than $20, (see Aplt. Br. at 6). In light of our obligation to construe pro se pleadings generously, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we believe that Rodrock's appeal should be interpreted as raising the question of whether the district court erred in dismissing his complaint under Rule 12(b)(6).

**Discussion**

We review de novo a district court's decision to dismiss a complaint under Rule 12(b)(6), taking all the plaintiff's "well-pleaded" allegations as true and construing them in the light most favorable to the plaintiff. See Yoder v. Honeywell, 104 F.3d 1215, 1224 (10th Cir.), cert. denied, 118 S. Ct. 55 (1997). Although we must construe a pro se plaintiff's complaint with forbearance, we may not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions. See Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

Under Rule 12(b)(6), a district court may dismiss a complaint that fails to comply with Rule 8(a)(2)'s requirement of a "short and plain statement of the claim" if there appears to be no set of facts on which the plaintiff may state a claim for relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir. 1989). If it appears that no amendment of a plaintiff's complaint will satisfy the requirement for stating a claim upon which relief may be granted, then a district court may dismiss the case even without resort to the procedure for amending a complaint under Rule 15(a). See Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1389 (10th Cir. 1980) (noting that permission to amend a complaint need not be given when the "futility of amendment" is "apparent") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Federal Rules have established a liberal standard of "notice pleading" in which "technical forms of pleading" are not required, but instead, a plaintiff's factual pleading must merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) & (e)(1). The Supreme Court has explained that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the

contrary, all the rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). We have interpreted this requirement to mean that "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading." Mountain View Pharmacy, 630 F.2d at 1388.

In Rodrock's case, although his recitation of constitutional and common law claims may well be "short," it is not at all "plain." Rodrock's complaint provides no notice to the defendants of the factual grounds upon which his claims rest, nor is his complaint sufficiently specific to allow the defendants to respond with anything other than a general denial. Furthermore, the complaint fails to meet its additional obligation to "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." See Perrington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir. 1979), quoted in Monument Builders, 891 F.2d at 1480.

As a result, the district court did not err in dismissing Rodrock's complaint

for violating Rule 8(a)(2).[5]  Thus, we AFFIRM.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[5]In light of this conclusion, we need not, and do not, address the district court's alternative rationale involving the doctrines of absolute and qualified immunity.