**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY DOYLE YOUNG,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT
OF JUSTICE; FEDERAL BUREAU
OF PRISONS; ALBERTO
GONZALES, Atty. General; HARLEY
LAPPIN, BOP Director; HARRELL
WATTS, Appeals Administrator;
MICHAEL NALLEY, Regional
Director - NCR; DARYL KOSIAK,
Regional Counselor - NCR; MR.
WERLICK, Previous Unit Manager; R.
WILEY, Warden - ADX; CAPT.
BAUER, Health Systems
Administrator; MS. BAILEY,
Psychologist; MR. COLLINS, Unit
Manager; MR. SUDLOW, Case
Manager; MR. HAYGOOD,
Counselor; MR. DEAKINS,
Recreation Supervisor; MR.
BELLANTONI, Education Supervisor;
MS. REAR, Adm. Remedy
Coordinator; MS. HAYS, Adm.
Remedy Clerk; MS. PARSONS, Law
Library Worker,

        Defendants - Appellees.

No. 06-1494

(D. Colorado)

(D.C. No. 06-CV-1253-ZLW)

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Timothy Young appeals the district court's dismissal of his claim for failure to amend his complaint as ordered. Because the court's order to amend relied, at least in part, on exhaustion doctrine that has since been abrogated, *see Jones v. Bock*, 127 S. Ct. 910 (2007), we reverse and remand for further proceedings.

I.      **BACKGROUND**

On June 29, 2006, Mr. Young filed a complaint in the United States District Court for the District of Colorado against 17 individual defendants (including the United States Attorney General), the United States, the Federal Bureau of Prisons, and the United States Department of Justice. The number of defendants was matched by the number of claims—21 in total. He asserted violations of his rights under the First, Fifth, and Eighth Amendments, the Freedom of Information Act, the Americans with Disabilities Act, and the Privacy Act. One claim, spanning 16 pages, set forth what amounted to a timeline detailing what he

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleged was a wide-ranging conspiracy to deprive him of his right of access to the courts. He also alleged that he had exhausted his administrative remedies and that "copies of grievance, FOIA, and Tort remedies are attached." R. Vol. 1 Doc. 3-2 at 10. Many of his claims included details of his efforts to obtain redress within the prison administrative system, but stated that his efforts to exhaust had been thwarted by prison officials, a lack of clarity in the Code of Federal Regulations, and prison program statements that prevented him from understanding the appropriate procedure for bringing and exhausting his various claims. His claims did not contain separate requests for relief; rather, at the end of the complaint he sought injunctive and declaratory relief relating to grievance procedures, "an expanded and lenient discovery process," and damages. *Id*. at 11.

Because of the difficulty in discerning which claims were asserted against which defendants, the magistrate judge issued what appears to be a form order that Mr. Young cure the deficiency that "names in caption do not match names in text." *Id*. Doc. 2. at 2. Asserting that the magistrate judge's order was unclear and that therefore he could not comply, Mr. Young filed eight motions, including a "Motion to Strike Order to Cure Deficiency," a "Motion for Clarification," a second "Motion for Clarification" filed three days after the first, a "Relief from Order Rule # 60(b)" motion, and a "Rule 62: Stay" motion. Mr. Young attached to several of these motions a list of the defendants with claim numbers next to

each name and asserted that he was unable to find the error in his original complaint. The magistrate judge denied all his motions.

Mr. Young then responded to the order by submitting new pages replacing pages 2 and 2b of his complaint. Finding this attempt inadequate, on August 21, 2006, the magistrate judge issued a second order directing him to file within 30 days an amended complaint complying with Federal Rule of Civil Procedure 8. The magistrate judge tried to guide Mr. Young on how to improve his complaint, instructing that the purpose of a complaint is to "give the opposing parties fair notice of the basis for the claims against them" and "allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Id*. Doc. 33 at 2. He pointed out that Mr. Young's complaint failed to set forth a short and plain statement showing entitlement to relief and contained unnecessary facts. The magistrate judge directed him to amend the complaint to "set forth all of his claims in a **concise and simple** manner." *Id*. at 3. He then explained that Mr. Young could not assert any claims relating to prison conditions until he had exhausted his administrative remedies; in his amended complaint Mr. Young would have to demonstrate that he had exhausted his administrative remedies with respect to each claim, and attach documents in an ordered fashion showing such exhaustion, or his entire complaint would be dismissed under our holding in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).

-4-

On September 8 Mr. Young filed a motion entitled "Ex Parte Objections to Order to File an Amended Complaint." He stated that his complaint was not too long because it amounted to only about two pages for each of the 20 defendants, that he had found nothing defining what *short* meant under Rule 8, and that he had merely followed the instructions on the forms on which he had filed his complaint, which directed him to set forth the facts he "consider[ed] important, including the dates and the specific facts." R. Vol. 1 Doc. 38 at 3 (emphasis, ellipsis, and internal quotation marks omitted). He also contended that the short-and-plain-statement requirement was a minimum, not a maximum, and that he had included more detail in his fraud, deception, fraudulent-concealment, and misrepresentation claims because Fed. R. Civ. P. 9 required him to do so. Finally, he stated that he could not discern from the magistrate judge's order what the defects in his complaint were, and that he would reserve his right to amend it once they became apparent.

The district court denied his objection on September 15, 2006, and ordered him to file an amended complaint within 30 days or his action would be dismissed. Mr. Young filed three more motions but did not file an amended complaint. The court dismissed his complaint without prejudice on October 25, 2006, for failure to comply with its order to file an amended complaint. Mr. Young appealed.

## II. DISCUSSION

We review for abuse of discretion a district court's dismissal without prejudice for failure to comply with Rule 8. *See Kuehl v. FDIC*, 8 F.3d 905, 908–09 (1st Cir. 1993). Rule 8(a) requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). One purpose of a complaint is to give the defendant enough information about the alleged wrong to be able to respond to those allegations. *See Mann v. Boatright*, No. 05-1559, 2007 WL 476268, at *5 (10th Cir. 2007). Another is to allow the court to determine whether, if the facts alleged were proved, the plaintiff would be entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). Both goals can be accomplished in a short and plain statement. "What is a short and plain statement depends, of course, on the circumstances of the case." *See Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1387 (10th Cir. 1980) (internal quotation marks omitted).

Mr. Young complains that his complaint was deemed deficient because he "gave too much detail." Aplt. Br. at 11. But excessive detail is not the problem—irrelevant detail obfuscating the claim is. Mr. Young's pleadings demonstrate that he has sufficient intelligence to state briefly for each claim (1) who is being sued, (2) what each person did, and (3) how those acts injured him.

The shortcomings of Mr. Young's complaint and his failure to comply with the district court's order to file an amended complaint would ordinarily be ample, even compelling, justification for the court's dismissal of his complaint without prejudice. But the legal landscape changed after that dismissal. No longer must a prisoner's complaint establish exhaustion of administrative remedies. *See Jones*, 127 S. Ct. at 921. This change affects the case before us in two respects. First, one ground for the order to amend the complaint was that Mr. Young had inadequately alleged exhaustion. Second, much of the confusing detail in the complaint apparently is an effort to explain his failure to exhaust. In this circumstance we believe that rather than affirming the judgment (which was proper when entered), the better course is to remand to permit Mr. Young another opportunity to state his claims in compliance with the Federal Rules of Civil Procedure. We caution Mr. Young, however, that continued obstructive conduct, such as filing repetitive and frivolous motions, will forfeit his opportunity to file an amended complaint. He would be wise to file no further pleading except a proper amended complaint.

## III.  CONCLUSION

We REVERSE and REMAND to the district court with instructions to give Mr. Young the opportunity to file one additional pleading—namely, an amended complaint complying with the Federal Rules of Civil Procedure. If the amended complaint so complies, the case should proceed in the normal fashion.

Mr. Young's "Motion for Relief" and "En Banc Motion for Leave to File Mandamus Petition" are DENIED. His motion to proceed *in forma pauperis* is GRANTED. We remind Mr. Young of his obligation to continue making partial payments until he has paid the entire appellate filing fee.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge