CARL HIZEL & SONS, INC.; **Black Dia-
mond Land & Cattle Co., d/b/a Gerlach
Roll-Off Service, Inc.; Gerlach Rubbish
Removal: Trash Unlimited: Supreme
Disposal Service, Inc.; B. and H. Sani-
tation Service; Ginther Rubbish Re-
moval; Northwest Disposal Co.; Dis-
posal, Inc.; and Blue Barrel Disposal,
Inc., Plaintiffs,**

v.

**BROWNING–FERRIS INDUSTRIES,
INC.; Browning-Ferris Industries of
Colorado, Inc., d/b/a BFI Waste Sys-
tems, and Landfill, Inc., Defendants.**

**Civ. A. No. 83–K–1743.**

United States District Court,
D. Colorado.

Aug. 24, 1984.

John B. Moorhead, Baker & Hostetler,
Denver, Colo., for plaintiffs.

Robert F. Hanley, Morrison & Foerster,
Denver, Colo., Alan K. Palmer, Wash-
ington, D.C., for defendants.

## ORDER

KANE, District Judge.

The plaintiffs in this action, a collection
of sole proprietorships and small corpora-
tions engaged in the business of waste
hauling in the Denver metropolitan area,
brought suit under the Sherman Act, 15
U.S.C. §§ 1 and 2. The defendants, Brown-
ing-Ferris Industries, Browning-Ferris of
Colorado and Landfill, Inc. are engaged in
the waste disposal business. Both Brown-
ing-Ferris of Colorado and Landfill are
wholly owned subsidiaries of Browning-
Ferris Industries.

In Count I of their complaint plaintiffs
allege that defendants have monopolized
the landfill dumping market in violation of
15 U.S.C. § 2. In Count II, plaintiffs
charge defendants with attempting to mon-
opolize the commercial waste hauling mar-
ket in violation of 15 U.S.C. § 2. Finally,
in Count III, plaintiffs contend that the
defendants have violated 15 U.S.C. § 1 by
conspiring to restrain trade in the landfill
and waste hauling markets.

Currently pending before me is defend-
ants' motion, filed under Fed.R.Civ.P. 12(c)
for judgment on the pleadings on Counts II
and III. Defendants' basis for moving for
judgment on the pleadings is the recent
Supreme Court decision in *Copperweld*

*Corp. v. Independence Tube Corp.,* —— U.S. ——, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). The motion is granted with respect to Count III and denied with respect to Count II.[1]

In *Copperweld* the court rejected what has become known as the "intra-enterprise conspiracy" doctrine for the purposes of 15 U.S.C. § 1. The court reasoned that a parent corporation and its wholly owned subsidiary cannot satisfy the "contract ... combination, or conspiracy" predicate for a § 1 offense because the parent and its subsidiary are a "single enterprise" for the purpose of § 1. *Id.* at ——, 104 S.Ct. at 2742. Accordingly, defendants, acting as a "single enterprise" are incapable of conspiring with each other in violation of 15 U.S.C. § 1.[2] Judgment is entered in favor of the defendants as to Count III.

Defendants next argue that under the reasoning in *Copperweld* the entire premise of Count II also fails. Plaintiffs are correct in pointing out that any "reasonable reading" of the *Copperweld* case would show that the decision has no bearing on plaintiffs' claim in Count II.

In *Copperweld* the court distinguished between § 1 and § 2 of the Sherman Act. It explained that § 2 reached both concerted and unilateral behavior and that "monopolization without conspiracy is unlawful under § 2, but restraint of trade without conspiracy or combination is not unlawful under § 1." *Id.* at 4285, n. 13. Additionally, the court pointed out that its decision applied only to § 1.[3]

Because *Copperweld* does not undermine plaintiffs 15 U.S.C. § 2 claim, defendants' motion with respect to Count II is denied.

1. Plaintiffs do not oppose defendants' motion with respect to Count III.

2. Although the court's holding does not explicitly preclude allegations of a conspiracy between two sister corporations, such as Landfill and Browning-Ferris of Colorado, the court's rationale does apply to such situations.

3. The court stated, "Any anticompetitive activities of corporations and their wholly owned

subsidiaries meriting antitrust remedies may be policed adequately without resort to an intra-enterprise conspiracy doctrine. A corporation's initial acquisition of control will always be subject to scrutiny under § 1 of the Sherman Act and § 7 of the Clayton Act, 38 Stat. 731, 15 U.S.C. § 18. Thereafter, the enterprise is fully subject to § 2 of the Sherman Act and § 5 of the Federal Trade Commission Act, 38 Stat. 719, 15 U.S.C. § 45." —— U.S. at ——, 104 S.Ct. at 2745.