**H.R.M., INC., doing business as Kearney Cablevision, Plaintiff,**

v.

**TELE–COMMUNICATIONS, INC., TCI North Central, Inc., Horizon Tele-Communications, Inc., Defendants.**

Civ. A. No. 86–A–2534.

United States District Court, D. Colorado.

Jan. 30, 1987.

Sheldon E. Friedman, David H. Wollins, Cortez & Friedman, P.C., Englewood, Colo., for plaintiff.

Robert E. Youle, Brian G. Eberle, Sherman & Howard, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

### INTRODUCTION

This matter is before the court on the defendants, Tele-Communications, Inc. (TCI), TCI North Central, Inc. (North Central), and Horizon Tele-Communications, Inc. (Horizon's) motion to dismiss the third and fifth claims of plaintiff's complaint for failure to state a claim upon which relief can be granted. The parties have submitted briefs in support of their respective positions on this motion, and after review of the materials submitted by the parties, I find that oral argument would not be helpful in the resolution of these issues.

### BACKGROUND

Plaintiff H.R.M., Inc., d/b/a Kearney Cablevision, is a Nebraska corporation in the business of providing cable television services to consumers and organizations in Nebraska. Defendant TCI, a Delaware corporation, is a national communications organization in the business of providing cable television services to consumers and organizations through its operating groups and subsidiaries. Defendants North Cen-

tral and Horizon are wholly-owned subsidiaries of TCI, and provide cable television services to subscribers in Kearney, Nebraska and the surrounding communities.

On December 17, 1986, Kearney filed a complaint against defendants, alleging five violations of the federal antitrust laws and five pendent state law claims. Defendants filed the present motion on January 6, 1987, seeking dismissal of plaintiff's Third Claim (Conspiracy to Monopolize) and Fifth Claim (Price Discrimination) under F.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

■ On a motion to dismiss a complaint under F.R.Civ.P. 12(b)(6), the court must consider the complaint's factual allegations as true and give the plaintiff the benefit of all reasonable inferences. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). As a rule, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This standard is even more stringent in the evaluation of antitrust claims, where the proof is in the hands of the alleged conspirators, and dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976).

■ However, conclusory allegations which merely recite the litany of antitrust will not suffice. This court retains the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed. *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 903 n. 17, 74 L.Ed.2d 723 (1983).

### A. Count Three: Conspiracy to Monopolize.

Plaintiff's Third Claim for relief alleges that the defendants have conspired with one another and with "others" to monopolize cable television services in the Kearney Market in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1, § 2. Section 1 of the Sherman Act provides:

Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal ...

■ Plaintiff's claim that defendants conspired with each other in violation of section 1 of the Sherman Act is foreclosed by the Supreme Court's decision in *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). In *Copperweld,* the Supreme Court held that a parent corporation and its wholly-owned subsidiaries are legally incapable of conspiring with each other in violation of section 1 of the Sherman Act. The court expressed as the basis for its decision the unity of purpose shared by the parent and its subsidiary:

A parent and its wholly owned subsidiary have a complete unity of interest. Their objectives are common, not disparate; their general corporate actions are guided or determined not by two separate corporate consciousnesses, but one.... With or without a formal "agreement," the subsidiary acts for the benefit of the parent, its sole shareholder.

Id. at p. 771, 104 S.Ct. at p. 2742. Therefore, North Central and Horizon share a common purpose with TCI and cannot conspire with their parent in violation of section 1 of the Sherman Act. *See also Deauville Corp. v. Federated Dept. Stores, Inc.,* 756 F.2d 1183, 1192 (5th Cir.1985); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985); *Zimmerman v. Board of Publications of the Christian Reformed Church, Inc.,* 598 F.Supp. 1002, 1010 (D.Colo.1984). By the same token, neither can North Central and Horizon conspire with one another. Al-

though the Court's holding does not explicitly preclude allegations of a conspiracy between two sister corporations, such as North Central and Horizon, the Court's rationale does apply to such situations. *Hood v. Tenneco Texas Life Ins. Co.,* 739 F.2d 1012, 1015 (5th Cir.1984); *Carl Hizel & Sons, Inc. v. Browning-Ferris Industries, Inc.,* 590 F.Supp. 1201, 1202 n. 2 (D.Colo.1984); *Satellite Financial Planning Corp. v. First National Bank of Wilmington,* 643 F.Supp. 449, 451 (D.Del. 1986).

■ Plaintiff's conspiracy claim under section 2 of the Sherman Act is also foreclosed by the rationale of *Copperweld.* 15 U.S.C. § 2 provides that:

Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony ...

Although section 2 does make illegal purely unilateral conduct, *Copperweld Corp. v. Independence Tube Co., supra,* 467 U.S. at p. 767 n. 13, 104 S.Ct. at p. 2740 n. 13, a claim under section 2 for conspiracy to monopolize, like a claim under section 1, requires at least two participants. 2 E. Kintner, *Federal Antitrust Law,* § 9.2 at p. 6, n. 20 (1980); 3 J. Von Kalinowski, *Antitrust Laws and Trade Regulation,* § 9.02[2] at p. 9–37 (1986). Therefore, the Court's rationale in the *Copperweld* decision—that a parent and its wholly-owned subsidiaries must be viewed as a single enterprise—also applies to foreclose a claim of conspiracy to monopolize under section 2 of the Sherman Act. *See Sadler v. Rexair, Inc.,* 612 F.Supp. 491, 494 (D.Mont.1985); *Stepp v. Ford Motor Credit Co.,* 623 F.Supp. 583, 593 (E.D.Wis.1985); *Marathon Petroleum Co. v. LoBosco,* 623 F.Supp. 129, 133 n. 2 (N.D.Ill.1985).

■ Finally, plaintiff's allegation in its third claim that the defendants conspired with "others" is too vague to stand. Such a pleading is inadequate to give the defendants fair notice of plaintiff's claim. *Sadler v. Rexair, Inc., supra;* *Garshman v. Universal Resources Holding, Inc.,* 641 F.Supp. 1359, 1370 (D.N.J.1986). A conclusory allegation of conspiracy to restrain trade will not survive a motion to dismiss. *Lombard's, Inc. v. Prince Manufacturing, Inc.,* 753 F.2d 974, 975 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986).

*B. Count 5: Price Discrimination.*

■ Plaintiff's Fifth Claim for relief alleges that defendants have discriminated in the pricing of cable television services in the Kearner market in violation of section 2 of the Clayton Act, 15 U.S.C. § 13(a), which states in part that "[i]t shall be unlawful for any person engaged in commerce ... to discriminate in price between different purchasers of commodities ..."

Section 13(a) of the Clayton Act relates only to the sale of tangible commodities and not to services. *Baum v. Investors Diversified Services, Inc.,* 409 F.2d 872, 874 (7th Cir.1969). In this case, plaintiff's complaint alleges price discrimination only with respect to "cable television services"; nowhere in plaintiff's complaint is reference made to sale of tangible commodities. This court finds the provision of cable television programming to be a service, and not a commodity. *See Tri-State Broadcasting Co. v. United Press International, Inc.,* 369 F.2d 268, 270 (5th Cir.1966); *Satellite Television and Associated Resources, Inc. v. Continental Cablevision of Virginia, Inc.,* 714 F.2d 351, 358 (4th Cir.1983), *cert. denied* 465 U.S. 1027, 104 S.Ct. 1285, 79 L.Ed.2d 688 (1984); *American Telephone and Telegraph Co. v. Delta Communications Corp.,* 408 F.Supp. 1075, 1114 (S.D.Miss.1976), *affirmed* 579 F.2d 972 (5th Cir.1978), *modified on other grounds* 590 F.2d 100 (5th Cir.1979), *cert. denied* 444 U.S. 926, 100 S.Ct. 265, 62 L.Ed.2d 182 (1979). Therefore, since no sale or purchase of any tangible commodity is involved, plaintiff's fifth claim for relief will be dismissed.

Accordingly, it is

ORDERED that the defendants' motion to dismiss the third and fifth claims set forth in plaintiff's complaint is GRANTED.