**TV COMMUNICATIONS NETWORK, INC., a/k/a TVCN, Plaintiff,**

v.

**ESPN, INC., a Delaware Corporation, Capital Cities/ABC, Inc., d/b/a ABC Television Network, a/k/a ABC, a New York Corporation, Tele–Communications, Inc., a/k/a TCI, a Delaware Corporation, United Artists Entertainment Company, a/k/a UAE, a Delaware Corporation, American Television and Communications Corporation, a/k/a ATC, a Delaware Corporation, Scripps Howard Cable Company and Scripps Howard Communications, an Ohio Corporation, Mile Hi Cable Company, d/b/a Mile Hi Cablevision, a/k/a Mile Hi, a Colorado Corporation, Turner Network Television, Inc., a/k/a TNT, a Georgia Corporation, Defendants.**

**Civ. A. No. 90–F–864.**

United States District Court, D. Colorado.

April 5, 1991.

Daniel L. Brotzman, Englewood, Colo., Eric Ross, TCVN, Inc., Denver, Colo., for plaintiff.

Edwin Durso, Gen. Counsel, ESPN, Inc., New York City, for defendant ESPN, Inc.

Frederick T. Davis, Jeffrey M. Zimmerman, Patterson, Belknap, Webb & Tyler, New York City, Frederick J. Baumann, Paul J. Zylstra, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for defendants ESPN, Inc. and Capital Cities/ABC, Inc.

Robert E. Youle, Brian G. Eberle, Sherman & Howard, Denver, Colo., for defendants Tele–Communications, Inc. and United Artists Entertainment Co.

William C. McClearn, James Hartley, Holland & Hart, Denver, Colo., Robert D. Joffe, Andrea J. Pollack, Cravath, Swain & Moore, New York City, for defendants American Television and Communications Corp. and Mile Hi Cable Co.

James A. Clark, Bruce D. Pringle, Marjorie N. Sloan, Baker & Hostetler, Denver, Colo., for defendants Scripps Howard Cable and Scripps Howard Communications.

Miles C. Cortez, Jr., Stephen J. Hensen, Cortez & Friedman, P.C., Denver, Colo., John J. Dalton, P.C., June Ann Kirkland, P.C., Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant Turner Network Television, Inc.

## ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT, VACATING PRIOR ORDER, AND GRANTING MOTIONS TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on plaintiff's motion to alter or amend judgment, filed December 31, 1990. Jurisdiction is based upon 28 U.S.C.A. § 1331 (West Supp.1990). For the reasons below, the motion to alter or amend judgment is hereby GRANTED. We hereby VACATE our prior order. The outstanding motions to dismiss are hereby GRANTED.

### I.

### PROCEDURAL HISTORY

Plaintiff TV Communications Network ("TVCN") is a supplier of wireless cable television and satellite master antenna television to subscribers in the Denver metropolitan area.[1] Defendant ESPN is a programmer involved in the manufacture, production, and wholesale supply of national premium sports programming for nonbroadcast television. Defendant Capital Cities/ABC ("ABC") is a programmer for broadcast television. ABC retains an eighty percent ownership interest in ESPN. Defendant Turner Network Television ("TNT") is a nonbroadcast television programmer involved in manufacturing, producing, and the wholesale supply of various types of programming, with heavy emphasis on national premium sports programming. Defendants Tele–Communications, Inc. ("TCI"), United Artists Entertainment

---

**1.** All factual recitations in this order have been alleged in the litigants' pleadings.

("UAE"), American Television and Communications Corporation ("ATC"), Scripps Howard Cable Company and Scripps Howard Communications ("Scripps"), and Mile Hi Cable Company ("Mile Hi") are cable operators that distribute nonbroadcast programming to subscribers in the Denver metropolitan area.

On May 16, 1990, plaintiff TV Communications Network, Inc. ("TVCN") filed an antitrust action against defendant ESPN. ESPN filed a motion to dismiss on July 2, 1990. On August 17, 1990, plaintiff amended its complaint, adding ABC, TCI, UAE, ATC, Scripps, Mile Hi, and TNT as defendants in the action.[2]

All defendants filed motions to dismiss on September 28, 1990. After thorough study, analysis of the briefs, and independent research, the court issued an order on December 21, 1990. *TV Communications Network, Inc. v. ESPN, Inc.*, No. 90–F–864, slip op. (D.Colo. Dec. 21, 1990). Pursuant to Fed.R.Civ.P. 12(b), the court converted the motions to dismiss into motions for summary judgment and granted summary judgment in favor of defendants. Plaintiff filed a motion to alter or amend judgment on December 31, 1990. On January 22, 1991, defendants filed responses. Plaintiff filed a supplemental brief on March 8, 1991.[3]

Fed.R.Civ.P. 12(b) provides, in pertinent part,

"If, on a motion asserting the defense numbered (6) to dismiss for failure of a pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).

The court did not give the litigants notice of its intention to treat the motions to dismiss as motions for summary judgment. A growing body of law does not require notice if it is clear that summary judgment is warranted.[4] Several Tenth Circuit cases suggest, however, that it is a better policy to notify the litigants of the court's decision to convert motions to dismiss into motions for summary judgment. *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986); *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454 (10th Cir.1978). We do not care to have the efficacy of our ruling undermined on a potential procedural technicality. Accordingly, we hereby GRANT plaintiff's motion to alter or amend judgment. Our order of December 21, 1990, is hereby VACATED. However, the motions to dismiss filed by all the defendants remain viable. We turn our attention to these pleadings.

**2.** For a history of the cable television industry, *see* Gershon, *Pay Cable Television: A Regulatory History,* 12 Comm. & Law 3 (June 1990). For a review of regulation and competition in the cable television industry, *see* Hazlett, *Duopolistic Competition in Cable Television: Implications for Public Policy,* 7 Yale J. on Reg. 65 (1990), Smiley, *Regulation and Competition in Cable Television,* 7 Yale J. on Reg. 121 (1990), Hazlett, *A Reply to Regulation and Competition in Cable Television,* 7 Yale J. on Reg. 141 (1990), and Hazlett, *Private Monopoly and the Public Interest: An Economic Analysis of the Cable Television Franchise,* 134 U.Pa.L.Rev. 1355 (1986).

**3.** The court has reviewed *Fort Wayne Telsat v. Entertainment and Sports Programming Network,* 753 F.Supp. 109 (S.D.N.Y.1990) and reargument denied, 1991 WL 29109 (1991). The opinion does not affect our ruling.

**4.** In *Nuclear Transport & Storage, Inc. v. United States,* 890 F.2d 1348 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990), *Rose v. Bartle,* 871 F.2d 331 (3d Cir. 1989), and *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374 (7th Cir.1987), the courts ruled that conversion to summary judgment without notice will be upheld unless prejudice results to the nonmoving party. The court in *Norman v. McCotter,* 765 F.2d 504, 506–08 (5th Cir.1985), ruled that a conversion will be upheld, despite a lack of submissions and failure to notify the nonmoving party, when no prejudice results. Prejudice does not result if there is no set of facts upon which plaintiff could possibly recover. *Nuclear Transport,* 890 F.2d at 1351; *Rose,* 871 F.2d at 342; *Farries,* 832 F.2d at 377. As discussed in section III of this opinion, we find that no prejudice would result to the nonmovant.

## II.

### JURISDICTION

Under federal antitrust laws, only actions that restrain trade or commerce among the several states are forbidden. 15 U.S.C.A. § 1 *et seq.* (West 1973 and Supp. 1990). To establish jurisdiction under these statutes, TVCN must allege a relationship between the activity involved and some aspect of interstate commerce. *McLain v. Real Estate Bd., Inc.*, 444 U.S. 232, 242, 100 S.Ct. 502, 509, 62 L.Ed.2d 441 (1980); *Crane v. Intermountain Health Care, Inc.*, 637 F.2d 715, 720 (10th Cir. 1980); *Miami Int'l Realty Co. v. City of Mt. Crested Butte*, 579 F.Supp. 68, 74 (D.Colo.1984). If such allegations are controverted, plaintiff must submit evidence to demonstrate that (i) defendants' activities are themselves in interstate commerce, or (ii) if they are local in nature, defendants' activities have some effect on some other appreciable activity demonstrably in interstate commerce. *McLain*, 444 U.S. at 242, 100 S.Ct. at 509.

In TVCN's amended complaint, it explicitly states that the cable companies in question operate solely in the Denver metropolitan area. (Amended Complaint at ¶¶ 2, 142, 143, and 144). As a result, the programming carried by the cable companies is arguably intrastate in character. *See National Ass'n of Regulatory Util. Comm'rs v. Federal Communications Comm'n*, 533 F.2d 601, 610 (D.C.Cir.1976); *United States v. Lorain Journal Co.*, 92 F.Supp. 794, 799 (N.D.Ohio 1950), *aff'd*, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162 (1951). The programming is transmitted to consumers exclusively within the state of Colorado. That the cable companies receive programming from out of state does not alter its intrastate nature. *National Ass'n of Regulatory Util. Comm'rs*, 533 F.2d at 610. All alleged violations would have occurred within Colorado. *See Thornhill Publishing Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730 (9th Cir.1979).

At paragraph thirteen of plaintiff's amended complaint, TVCN merely asserts that the defendants' general or overall business affects interstate commerce. Such vague allegations fall short of proving the required critical relationship. *Crane*, 637 F.2d at 724; *accord Huelsman v. Civic Center Corp.*, 873 F.2d 1171, 1174–75 (8th Cir.1989). These statements leave the court in an impermissible situation under *McLain*, forcing us to presume a nexus between the challenged activity and interstate commerce. *Crane*, 637 F.2d at 724. Plaintiff has failed in its obligation to show a nexus between defendants' challenged activities and interstate commerce. *Anesthesia Advantage, Inc. v. Metz Group*, 912 F.2d 397, 400–01 (10th Cir.1990); *accord Musick v. Burke*, 913 F.2d 1390, 1397 (9th Cir.1990).

Finally, defendants ATC and Mile Hi have challenged jurisdiction on interstate commerce grounds. (Motion to Dismiss at 16–17). Plaintiff did not address this argument in its response to the motion to dismiss. Therefore, TVCN has not satisfied its burden of proof under *McLain*, arguably requiring the dismissal of this action. *McLain*, 444 U.S. at 242, 100 S.Ct. at 509; *Parrish v. City of Reno*, 118 F.R.D. 129, 132 (D.Nev.1987).

While the court believes that this action could be dismissed on jurisdictional grounds alone, we are persuaded that, if jurisdiction is appropriate, the motions to dismiss should be granted on substantive grounds. Hence, the substantive legal issues are discussed.

### III.

### MOTIONS TO DISMISS

Under the Federal Rules of Civil Procedure, TVCN is required to offer a short and plain statement of the claims against defendants.[5] This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest. *Conley v.*

---

5. Fed.R.Civ.P. 8(a)(2) provides "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

*Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

A cause of action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should not be dismissed unless the court determines that beyond doubt, plaintiff can prove no set of facts that would entitle it to relief. *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990); *Golden Rule Ins. Co. v. Mathers,* No. 90–F–1199, slip op. at 2 (D.Colo. Feb. 19, 1991); *Strizich v. Mountain States Tel. and Tel. Co.,* No. 90–F–1660, slip op. at 1, 1990 WL 303164 (D.Colo. Oct. 24, 1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). All plaintiff's pleadings must be liberally construed. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984); *Federal Deposit Ins. Corp. v. Wise,* 758 F.Supp. 1414, 1416 (D.Colo.1991). As long as the plaintiff offers evidence in support of a legally recognized claim for relief, a motion to dismiss must be denied. *Hiatt v. Schreiber,* 599 F.Supp. 1142, 1145 (D.Colo.1984).

While summary procedures should be used sparingly in antitrust litigation, *Poller v. Columbia Broadcasting Sys., Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), the Supreme Court has mandated that the district courts "retain the power to insist upon some specificity in pleading before allowing a potentially massive [antitrust] controversy to proceed." *Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 903 n. 17, 74 L.Ed.2d 723 (1983). The heavy cost of modern antitrust litigation militates against launching litigants into massive and expensive discovery when there is no reasonable prospect that the plaintiff could formulate a viable cause of action from the facts narrated in the complaint. *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir.1984).

Conclusory allegations that merely recite the litany of antitrust will not suffice. *H.R.M., Inc. v. Tele–Communications, Inc.,* 653 F.Supp. 645, 647 (D.Colo. 1987) (an antitrust cable television suit); *accord Crane & Shovel Sales Corp. v. Bucyrus–Erie Co.,* 854 F.2d 802, 805 (6th Cir.1988); *Crown Drug Co. v. Revlon, Inc.,* 703 F.2d 240, 245–46 (7th Cir.1983). We have analyzed and scrutinized plaintiff's first complaint, the amended complaint, and all of its pleadings. Plaintiff's submissions are replete with conclusory allegations. They are not grounded in well-pleaded facts. *Cf. Wise,* at 1417. The amended complaint does little more than recite relevant antitrust principles. *Mountain View Pharmacy v. Abbott Laboratories,* 630 F.2d 1383, 1387 (10th Cir.1980). Plaintiff has not presented the court with allegations of facts sufficient to conclude that it can maintain a viable antitrust action. *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir.1989); *Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1373 (10th Cir.1979). While lengthy, the amended complaint does not satisfy the requirements of Fed.R.Civ.P. 8(a)(2). *Mountain View,* 630 F.2d at 1387. Even applying the strict principles of Fed.R.Civ.P. 12(b)(6), plaintiff has failed to plead with sufficient particularity, despite the submission of two complaints, to survive the motions to dismiss. *Reynolds Metals Co. v. Columbia Gas Sys., Inc.,* 669 F.Supp. 744, 550 (E.D.Va.1987). Taking plaintiff's arguments individually or in their totality, in our view, TVCN can prove no set of facts upon which relief can be granted.[6]

### IV.

### MONOPOLY BY ESPN, ABC, AND TNT

Plaintiff's first and second causes of action allege that ESPN, ABC, and TNT

---

**6.** Two judges within this district have recently granted motions for summary judgment in major antitrust suits and dismissed the causes of action. *Anesthesia Advantage, Inc. v. Metz Group,* 759 F.Supp. 638 (D.Colo.1991); *Camellia City Telecasters, Inc. v. Tribune Broadcasting Co.,* 762 F.Supp. 290 (D.Colo.1991).

entered into an illegal monopoly in violation of section two of the Sherman Act.[7] To prove an illegal monopoly, plaintiff must demonstrate defendants' (i) possession of monopoly power in the relevant market, and (ii) willful acquisition or maintenance of that power, as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.[8] *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* 472 U.S. 585, 596 n. 19, 105 S.Ct. 2847, 2854 n. 19, 86 L.Ed.2d 467 (1985); *United States v. Grinnell Corp.,* 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1703–04, 16 L.Ed.2d 778 (1966); *Reazin v. Blue Cross & Blue Shield, Inc.,* 899 F.2d 951, 973 (10th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990); *Board of Regents v. National Collegiate Athletic Ass'n,* 707 F.2d 1147, 1148 (10th Cir.1983), *aff'd,* 468 U.S. 85, 104 S.Ct. 2948, 82 L.Ed.2d 70 (1984).

The amended complaint states that the relevant markets are the ESPN Channel and the TNT Channel. (Amended Complaint at ¶¶ 30, 32, 152, and 156). The caption of Count 1 states, "[m]onopolization by defendants ESPN and ABC of market for the ESPN Channel." The caption of Count 2 reads, "[m]onopolization by defendant TNT of market for the TNT Channel." Despite plaintiff's subsequent attempts to label the markets otherwise, the court considers the relevant markets the ESPN and TNT Channels.

Every manufacturer has a natural monopoly over its own product. As a matter of law, this monopoly is not a basis for antitrust liability under section two. *United States v. E.I. Du Pont de Nemours & Co.,* 351 U.S. 377, 393, 76 S.Ct. 994, 1006, 100 L.Ed. 1264 (1956); *Key Fin. Planning Corp. v. ITT Life Ins. Corp.,* 828 F.2d 635,

643 (10th Cir.1987); *accord International Logistics Group, Ltd. v. Chrysler Corp.,* 884 F.2d 904, 908 (6th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1783, 108 L.Ed.2d 784 (1990). Therefore, plaintiff has failed to prove that ESPN and TNT have retained an illegal monopoly over a relevant market.

Even if the court found that ESPN and TNT have monopoly power over a relevant market, plaintiff has not demonstrated that defendants unlawfully acquired or maintained that power in the relevant market. In general, a business entity has a qualified right to deal with whom it pleases. *Aspen Skiing,* 472 U.S. at 601–02, 105 S.Ct. at 2856–57; *Monsanto Co. v. Spray–Rite Serv. Corp.,* 465 U.S. 752, 761, 104 S.Ct. 1464, 1469, 79 L.Ed.2d 775 (1984); *United States v. Colgate,* 250 U.S. 300, 307, 39 S.Ct. 465, 468, 63 L.Ed. 992 (1919); *see Blankenship v. Herzfeld,* 661 F.2d 840, 844 (10th Cir.1981). Unless plaintiff can illustrate that no valid business reason exists for the refusal to deal, section two does not restrict the right to freely exercise independent discretion as to the parties with whom to deal. *Aspen Skiing,* 472 U.S. at 605, 105 S.Ct. at 2858; *Lorain Journal Co. v. United States,* 342 U.S. 143, 155, 72 S.Ct. 181, 187, 96 L.Ed. 162 (1951). TVCN never indicated in any pleading that ESPN and TNT have no valid business reason for refusing to supply TVCN with their programming.

Section two does prohibit certain refusals to deal if the denial violates the "essential facilities" doctrine. *United States v. Terminal R.R. Ass'n,* 224 U.S. 383, 410, 32 S.Ct. 507, 515, 56 L.Ed. 810 (1912); *see also Otter Tail Power Co. v. United States,* 410 U.S. 366, 93 S.Ct. 1022, 35 L.Ed.2d 359 (1973). Plaintiff's com-

---

**7.** Section two of the Sherman Act provides, "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any other person, one hundred thousand dollars, or by imprisonment not ex-

ceeding three years, or by both said punishments, in the discretion of the court." 15 U.S.C.A. § 2 (West Supp.1990).

**8.** We have addressed relevant market power in *Monfort, Inc. v. Cargill, Inc.,* 591 F.Supp. 683 (D.Colo.1983). For a subsequent history of *Monfort, see* 761 F.2d 570 (10th Cir.1985) and 479 U.S. 104, 107 S.Ct. 484, 93 L.Ed.2d 427 (1986).

plaint includes slight references to possible violations of this doctrine. (Amended Complaint at ¶¶ 18, 88, and 90).

To establish liability under this principle, TVCN must demonstrate (i) control of the essential facility by defendants, (ii) competitor's inability practically or reasonably to duplicate the facility, (iii) denial of the use of the essential facility to a competitor, and (iv) feasibility of providing the facility. *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 369 (10th Cir.1988).

■ In determining whether entities are competitors, their relationship to each other is the critical factor, not the alleged effect of an arrangement. *Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 730–31 n. 4, 108 S.Ct. 1515, 1523 n. 4, 99 L.Ed.2d 808 (1988). ESPN and TNT supply programming to cable companies. TVCN is a cable company. ESPN and TNT cannot occupy the same market level as TVCN. They occupy different market levels in the chain of distribution of programming. *See Key Fin. Planning*, 828 F.2d at 640 n. 3. In relationship to each other, defendants ESPN and TNT and plaintiff TVCN are vertical entities. Hence, ESPN has not denied an essential facility *to a competitor*. Any claim under this doctrine cannot stand. *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.*, 848 F.2d 976, 983 (9th Cir.1988); *Garshman v. Universal Resources Holding, Inc.*, 824 F.2d 223, 230 (3d Cir.1987). Accordingly, the motions to dismiss the first and second claims for relief are hereby GRANTED.

## V.

## MONOPOLY BY TCI, ATC, UAE, MILE HI, AND SCRIPPS

■ Plaintiff's third claim for relief alleges defendants TCI, ATC, UAE, Mile Hi, and Scripps entered into an illegal monopoly in violation of section two of the Sherman Act. Plaintiff must show that defendants possess monopoly power in the rele-

vant market. *See supra* section IV. (Amended Complaint at ¶ 161). To find that defendants enjoy monopoly power in this market, they must retain both (i) the power to control prices, and (ii) the power to exclude competition. *Reazin*, 899 F.2d at 966–67. Plaintiff has defined the relevant market as subscription television in the Denver metropolitan area.

■ TVCN has failed to illustrate how defendants enjoy the power to control prices. Defendants' varying rates over the years indicate that they do not maintain the power to control prices.[9] Moreover, plaintiff has alleged that price control is evidenced through illicit price fixing by defendants. *Arizona v. Maricopa County Medical Soc'y*, 457 U.S. 332, 344–50, 102 S.Ct. 2466, 2473–76, 73 L.Ed.2d 48 (1982). TVCN and defendant cable companies supply cable television services to consumers. As they occupy the same level of the distribution chain, they are horizontal competitors. *See supra* section IV.

■ Horizontal price fixing is condemned by law. *National Collegiate Athletic Ass'n v. Board of Regents*, 468 U.S. 85, 100, 104 S.Ct. 2948, 2959, 82 L.Ed.2d 70 (1984). To state a claim of horizontal price fixing, plaintiff must allege (i) existence of an agreement, combination, or conspiracy, (ii) among actual competitors, (iii) with the purpose or effect of raising, depressing, fixing, pegging, or stabilizing the price of a commodity, (iv) in interstate or foreign commerce. *Cayman Exploration*, 873 F.2d at 1361; *see also National Soc'y of Professional Eng'rs v. United States*, 435 U.S. 679, 98 S.Ct. 1355, 55 L.Ed.2d 637 (1978); *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). Conspiratorial conduct may be established through circumstantial evidence. *Cayman Exploration*, 873 F.2d at 1361. Nevertheless, plaintiff has not asserted any facts to support even an inference that an agreement was formed among the cable companies whose purpose was to

---

9. In 1986, ATC charged between $8.92 to $9.50 for cable service. In 1990, their rates increased to $16.45. In contrast, UAE charged $11.95 in 1986 for their service. In 1990, the price was elevated to $19.45. (Amended Complaint at ¶¶ 67, 68). These significant disparities in price indicate a lack of power to control prices among defendants.

affect prices of cable subscription services. *See Anesthesia Advantage*, 759 F.Supp. 638. Plaintiff's conclusory claims of horizontal price fixing must fail. *H.R.M.*, 653 F.Supp. at 647.

▮ To state a claim of vertical price fixing, plaintiff must aver some facts that support an inference that the cable companies agreed that ESPN and TNT would set the price at which the cable companies would resell their services to consumers. *Cayman Exploration*, 873 F.2d at 1360; *see also Albrecht v. Herald Co.*, 390 U.S. 145, 88 S.Ct. 869, 19 L.Ed.2d 998 (1968). Since no specific allegations have been made, any claim of vertical price fixing cannot stand. *Cayman Exploration*, 873 F.2d at 1360–61.

▮ TVCN has also failed to show that defendants have the power to exclude TVCN from the relevant market. *See supra* section IV. TVCN has attempted to prove this requirement by alleging territorial allocation of the Denver metropolitan market. While agreements to allocate or divide customers between competitors at the same horizontal level constitute an antitrust violation, *United States v. Topco Assocs., Inc.*, 405 U.S. 596, 608, 92 S.Ct. 1126, 1133, 31 L.Ed.2d 515 (1972); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 473 (10th Cir.1990), *Mid–West Underground Storage, Inc. v. Porter*, 717 F.2d 493, 497–98 n. 2 (10th Cir.1983), plaintiff has offered no evidence whatsoever to demonstrate that an agreement to territorially allocate has been formed by any of the cable companies. Furthermore, cable companies operate within defined geographic regions based upon franchises awarded by the federal government under 47 U.S.C.A. § 541 (West Supp.1990). Only one franchise is awarded in each region. *Preferred Communications, Inc. v. City of Los Angeles*, 754 F.2d 1396, 1401 (9th Cir.1985), *aff'd*, 476 U.S. 488, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986). The court is persuaded that plaintiff's conclusory allegations concerning territorial allocations are not enough to withstand the motions to dismiss. *H.R.M.*, 653 F.Supp. at 647.

▮ TVCN also attempts to illustrate that defendants enjoy the power to exclude its competitors by invoking the essential facilities doctrine. However, plaintiff must prove that defendants, who are monopolists in control of a essential facility, are denying the facility to a competitor. *McKenzie*, 854 F.2d at 369; *see supra* section IV. Considering that plaintiff has indicated that ESPN and TNT completely control and dominate their respective channels, (Amended Complaint at ¶ 106), the cable companies cannot be in control of the essential facility.

▮ Finally, TVCN alleges that defendants entered into a group boycott. In order for a group boycott to exist, there must be concerted activity between two or more competitors at the same market level. *Key Fin. Planning*, 828 F.2d at 641. While the cable companies occupy the same market level, there is no evidence in the record of any agreement by *any* of the defendants to somehow boycott TVCN. *See Westman Comm'n Co. v. Hobart Int'l, Inc.*, 796 F.2d 1216, 1224 n. 1 (10th Cir. 1986), *cert. denied*, 486 U.S. 1005, 108 S.Ct. 1728, 100 L.Ed.2d 192 (1988); *Anesthesia Advantage*, 759 F.Supp. 638. Since we have found that the cable companies do not possess monopoly power in the relevant market, we need not discuss whether there has been willful acquisition or maintenance of that power.

▮ TVCN cannot escape the charge that its claims of monopolization against all the defendants are entirely conclusory merely by quoting words from the Sherman Act. *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F.Supp. 832, 838 (S.D.N.Y.1988) (quoting *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972)). Accordingly, the motions to dismiss the third claim for relief are hereby GRANTED.

## VI.

### CONSPIRACY TO MONOPOLIZE BY ALL DEFENDANTS

▮ Plaintiff's fourth, fifth, and sixth claims for relief are allegations against defendants for conspiracy to mo-

nopolize in violation of section two of the Sherman Act. To prove a conspiracy, the proponent must show (i) existence of a conspiracy, (ii) specific intent to monopolize, and (iii) overt acts in furtherance of the conspiracy. *Monument Builders, Inc. v. American Cemetery Ass'n*, 891 F.2d 1473, 1484 (10th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 2168, 109 L.Ed.2d 498 (1990); *Olsen v. Progressive Music Supply, Inc.*, 703 F.2d 432, 438 (10th Cir.), *cert. denied,* 464 U.S. 866, 104 S.Ct. 197, 78 L.Ed.2d 172 (1983). A section two conspiracy claim requires less in the way of proof than other section two offenses. *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1377 (10th Cir.1979). As noted in section V, a conspiracy may be proven by circumstantial evidence. *Monument Builders*, 891 F.2d at 1481.

■ Plaintiff has failed to offer any evidence of the existence of conspiracy by defendants. First, it is axiomatic that ABC cannot conspire with ESPN. A parent corporation and its subsidiaries cannot conspire with each other for the purposes of antitrust liability. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771, 104 S.Ct. 2731, 2741, 81 L.Ed.2d 628 (1984); *Garshman v. Universal Resources Holding, Inc.*, 824 F.2d 223, 230 (3d Cir. 1987); *H.R.M.*, 653 F.Supp. at 648; *Carl Hizel & Sons, Inc. v. Browning–Ferris Indus., Inc.*, 590 F.Supp. 1201, 1202 (D.Colo.1984). Next, TVCN alleges that defendants have conspired with "all the other defendants." (Response to ESPN's Motion to Dismiss at 26). An allegation that defendants conspired with the other defendants is simply too vague. *Perington Wholesale Inc. v. Burger King Corp.*, 554 F.Supp. 708 at 709 (D.C.Colo.1982); *H.R.M.*, 653 F.Supp. at 648. A bare bones statement of conspiracy without any supporting facts does not suffice. *Telectronics Proprietary*, 687 F.Supp. at 839. A thorough review of the pleadings reveals no evidence indicating the existence of any conspiracy among the several defendants. Such conclusory legal assertions cannot survive the motions to dismiss. *Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975

(11th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986).

■ Second, the Supreme Court has held that if defendants have no rational economic motive to conspire, their conduct does not give rise to an inference of conspiracy. *See Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 597, 106 S.Ct. 1348, 1361, 89 L.Ed.2d 538 (1986). The court is persuaded that the cable companies would have no rational economic motive to conspire against their own interests. If ESPN and TNT programming are as essential as plaintiff purports them to be, it would be contrary to the cable companies' interests to aid these organizations in achieving monopoly power. A dependency would ensue, allowing ESPN and TNT to charge supracompetitive prices. Upon evaluation of all materials within the record, we find that TVCN has failed to prove a specific intent by defendants to monopolize. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1109 (7th Cir. 1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Finally, plaintiff has offered no evidence of overt acts committed by defendants in furtherance of a conspiracy. Fleeting and conclusory allusions to conspiracies are simply insufficient as a matter of law. *Sims v. Mack Truck Corp.*, 488 F.Supp. 592, 607 (E.D.Pa.1980). Accordingly, the motions to dismiss the fourth, fifth, and sixth claims for relief are hereby GRANTED.

## VII.

### ATTEMPT TO MONOPOLIZE BY ALL DEFENDANTS

■ Plaintiff's seventh, eighth, and ninth claims for relief allege attempts by defendants to monopolize in violation of section two of the Sherman Act. Four elements must be shown to establish an attempt to monopolize: (i) relevant market, including a geographic and product market, (ii) dangerous probability of success in monopolizing the relevant market, (iii) specific intent to monopolize, and (iv) conduct in furtherance of such an attempt. *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.*, 885 F.2d 683, 693 (10th Cir.

1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 441, 112 L.Ed.2d 424 (1990); *Bright v. Moss Ambulance Serv., Inc.,* 824 F.2d 819, 823 (10th Cir.1987); *Oberndorf v. City and County of Denver,* 696 F.Supp. 552, 557 (D.Colo.1988), *aff'd,* 900 F.2d 1434 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990).

 With regard to ESPN and TNT, they cannot monopolize their own product. *See supra* section IV. No cause of action for attempt can lie against them. With regard to the cable companies, plaintiff has made no effort to show that these organizations have violated any prong of the test. Specifically, plaintiff has failed to demonstrate a dangerous probability that defendants will succeed in monopolizing the Denver metropolitan area subscription television market. *Bright,* 824 F.2d at 823–24; *Shoppin' Bag, Inc. v. Dillon Cos.,* 783 F.2d 159, 162 (10th Cir.1986). Plaintiff cannot survive the motions to dismiss without pleading sufficient facts to prove *each* element of the alleged offense. *C.R. Bard, Inc. v. Medical Elecs. Corp.,* 529 F.Supp. 1382, 1389 (D.Mass.1982). The conclusory legal allegations are inadequate. *Mountain View Pharmacy,* 630 F.2d at 1386–87. Accordingly, the motions to dismiss the seventh, eighth, and ninth claims for relief are hereby GRANTED.

### VIII.

### UNREASONABLE RESTRAINT OF TRADE AND UNFAIR COMPETITION BY ALL DEFENDANTS

 Plaintiff's tenth and eleventh causes of action aver unreasonable restraint of trade and unfair competition by defendants in violation of section one of the Sherman Act.[10] Under this section, plain-

tiff must prove that (i) defendants entered into a contract, combination, or conspiracy, and (ii) the conspiracy unreasonably restrained trade in the relevant market. *Reazin,* 899 F.2d at 959; *Tri–R Sys., Ltd. v. Friedman & Son, Inc.,* 518 F.Supp. 1271, 1273 (D.Colo.1981).

 Plaintiff has failed to demonstrate that any defendant entered into a contract, combination, or conspiracy that has unreasonably restrained trade. *See supra* sections IV, V, and VI. Plaintiff's conclusory legal allegations do not suffice. *Associated Gen. Contractors,* 459 U.S. at 528 n. 17, 103 S.Ct. at 903 n. 17. Plaintiff's complaint cannot survive defendants' motions to dismiss without pleading sufficient facts to prove each element of the alleged violation. *C. R. Bard,* 529 F.Supp. at 1389. Moreover, even if some kind of arrangement had been created, an agreement between entities that are not competitors does not violate section one. *United States v. MMR Corp. (LA),* 907 F.2d 489, 498 (5th Cir.1990); *United States v. Sargent Elec. Co.,* 785 F.2d 1123, 1127 (3d Cir.), *cert. denied,* 479 U.S. 819, 107 S.Ct. 82, 93 L.Ed.2d 36 (1986). Plaintiff's complaint specifically states that the defendants do not compete with each other. (Amended Complaint at ¶¶ 29, 124, and 126). Accordingly, the motions to dismiss the tenth and eleventh claims for relief are hereby GRANTED.

### IX.

### PRICE DISCRIMINATION BY ESPN

 Plaintiff's twelfth cause of action alleges price discrimination by defendant ESPN under the Robinson–Patman Act, 15 U.S.C.A. § 13 (West 1973).[11] Section thir-

---

**10.** Section one of the Sherman Act provides, "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade among the several States, or within foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any

other person, one hundred thousand dollars, or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court."
15 U.S.C.A. § 1 (West Supp.1990).

**11.** This statute provides, in pertinent part, "[i]t shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate between price between purchasers of commodities

teen plainly states that the discriminatory sales must involve "commodities." Plaintiff's complaint alleges price discrimination with respect to cable television services. (Amended Complaint at ¶ 196). TVCN never made any reference to the sale of a tangible commodity. The court is persuaded that cable television programming is not a commodity; it is a service. *H.R.M.,* 653 F.Supp. at 648; *accord Rankin County Cablevision v. Pearl River Valley Water Supply Dist.,* 692 F.Supp. 691, 693 (S.D.Miss.1988); *Satellite T Assoc. v. Continental Cablevision, Inc.,* 586 F.Supp. 973, 975 (E.D.Va.1982), *aff'd,* 714 F.2d 351 (4th Cir.1983), *cert. denied,* 465 U.S. 1027, 104 S.Ct. 1285, 79 L.Ed.2d 688 (1984). This cause of action is not covered by section 13. Accordingly, the motions to dismiss the twelfth claim for relief are hereby GRANTED.

## X.

### STATE LAW VIOLATIONS BY ALL DEFENDANTS

 Plaintiff's thirteenth and fourteenth causes of action allege violations of Colo.Rev.Stat.Ann. §§ 6–2–101 through 6–2–117 (Bradford 1974 and Supp.1990), inclusive, and Colo.Rev.Stat.Ann. §§ 6–4–101 through 6–4–109 (Bradford 1974 and Supp. 1990), inclusive, were committed by defendants. Under the doctrine of pendent jurisdiction, state law claims may be entertained in a federal court if they form separate but parallel grounds for relief as the federal law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 722, 86 S.Ct. 1130, 1136, 16 L.Ed.2d 218 (1966). If the federal claims are dismissed before trial, the state claims are to be dismissed as well. *Key Fin. Planning Corp.,* 828 F.2d at 643–44; *Russell v. Turnbaugh,* No. 90–F–272, slip op. at 13 (D.Colo. Feb. 7, 1991); *Jackson v. Johns,* 714 F.Supp. 1126, 1131 (D.Colo. 1989). Accordingly, the thirteenth and

fourteenth claims for relief are hereby DISMISSED for lack of jurisdiction.

## XI.

### SURPLUSAGE

Plaintiff's fifteenth and sixteenth causes of action are surplusage. They state no independent claim for relief. Hence, they must also be dismissed. *Daniels v. Thomas,* 225 F.2d 795, 797 (10th Cir.1955), *cert. denied,* 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815 (1956). Accordingly, the motions to dismiss the fifteenth and sixteenth causes of action are hereby GRANTED.

## XII.

### REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

 In the instant motion, plaintiff has requested leave to file an amended complaint. Fed.R.Civ.P. 15(a) allows amendments of pleadings only by leave of court.[12] *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127, 1132 (10th Cir.1987). While granting leave to amend is within the discretion of the district court, *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.1990), we are required to give our reasons for refusal. *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir.1987). We find that plaintiff's failure to cure deficiencies by amendments previously allowed is grounds to deny a motion to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see Cayman Exploration,* 873 F.2d at 1362–63. Any further amendments would serve no useful purpose. *Wright v. Anthony,* 733 F.2d 575, 577 (8th Cir.1984); *Wrenn v. New York City Health & Hosps. Corp.,* 104 F.R.D. 553, 557 (S.D.N.Y.1985). Considering that plaintiff seeks to offer a third

of like grade and quality ..." 15 U.S.C.A. § 13(a) (West 1973).

**12.** Fed.R.Civ.P. 15(a) provides, in pertinent part, "a party may amend the party's pleading only by

leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

complaint, we are within our sound discretion to deny the request to amend. *Triplett v. Leflore County,* 712 F.2d 444, 446–47 (10th Cir.1983); *accord Fidelity Fin. Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1438 (9th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). Plaintiff does not have a right to file a second amended complaint. *Denny v. Barber,* 576 F.2d 465, 471 (2d Cir.1978). The several complaints already filed fail to establish the requisite elements of justiciable causes of action. Thus, we are reluctant to allow litigation to go forward with an additional complaint that would require costly and time consuming pretrial discovery and trial preparation. *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir.1987); *Havoco, Ltd. v. Shell Oil Co.,* 626 F.2d 549, 553 (7th Cir.1980). Based upon this body of law, the rationale expressed in Judge Arraj's opinion in a similar antitrust cable television suit, *H.R.M.,* and the Supreme Court's mandate in *Associated Gen. Contractors,* we are persuaded that all the federal causes of action must be DISMISSED WITH PREJUDICE.

### XIII.

### ORDER

ACCORDINGLY, it is hereby ordered:

1) The motion to alter or amend judgment, insofar as it relates to our order granting summary judgment, is hereby GRANTED.

2) Our order, filed December 21, 1990, is hereby VACATED.

3) The motions to dismiss causes of action one through twelve, inclusive, fifteen, and sixteen are hereby GRANTED. These causes of action are DISMISSED WITH PREJUDICE. The clerk of the court is DIRECTED to enter judgment on behalf of defendants and against plaintiff on causes of action one through twelve, inclusive, fifteen, and sixteen.

4) Causes of action thirteen and fourteen are DISMISSED WITHOUT PREJUDICE, subject to plaintiff's right to reassert these claims in state court.

5) Plaintiff's request for leave to file an amended complaint is hereby DENIED.

6) Each party is to bear its own costs.